State, ex rel. School District, v. Paddock.

STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT OF
SOUTH OMAHA, V. J. W. PADDOCK ET AL.

36   263
38   751,
36   263
42   678

FILED FEBRUARY 15, 1893.   No. 5881.

1. Cities of the Second Class. South Omaha, as shown by the census of 1890, is a city of the second class, having more than 8,000, and less than 25,000 inhabitants, and not a city of the first class.

2. School Taxes: ESTIMATES: LEVY: MANDAMUS. The school board of South Omaha, on the 6th day of June, 1892, made an estimate of the amount of school tax to be leved in said city for that year. This estimate was imperfect in its statements and details. The defendants held the same until July 14, 1892, when they refused to levy the tax. Afterwards proceedings in *mandamus* were instituted and the court rendered judgment for the defendants. Corrected estimates were then filed. *Held,* That such estimates related back to June 6 of that year, and that it was the duty of the defendants to levy the tax.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

*E. T. Farnsworth,* for plaintiff in error.

*T. J. Mahoney, contra.*

MAXWELL, CH. J.

The relator made an application to the defendants to levy a school tax in the school district of South Omaha, and as the defendants refused, the relator applied for a writ of *mandamus.* On the hearing the court rendered a judgment denying the writ because South Omaha was a city of the first class. In 1891 the legislature passed an act in relation to cities of the first class, the first section of which declares that all cities which, according to the census of 1890, contained more than 10,000 and less than 25,000 inhabitants should be cities of the first class. The census

returns show that South Omaha at the time the census was taken in 1890 contained 8,062 inhabitants, and therefore was not a city of the first class. No doubt it contains many more than 10,000 inhabitants at the present time, but that increase does not affect this case. South Omaha, however, is a city of the second class, having more than 8,000 and less than 25,000 inhabitants, and is governed by the provisions of the act in relation to such cities. I South Omaha is a city of the second class it is conceded that the defendants are the proper parties to levy the school taxes, unless there are objections, first, to the estimate and, second, to the time it was received. It will be admitted that the estimate is not as definite as is desirable. The whole amount requ'red is stated, but the amount derived from licenses and other sources is stated at about $20,000, leaving it to be inferred that $15,000 should be levied upon the taxable property in the city for the support of schools. The second question is as to the time this tax should be levied. The first estimates were made by the school board on the 6th of June, 1892, and on the 18th of that month they were sent to the defendants. It appears that the resolution of the school board adopting the estimates contained a provision that the tax so levied was to be used for the support of schools, but in their report to the defendants these words were omitted, hence the defendants failed to levy the tax, and continued the cause until the 14th day of July, 1892, when they refused to levy the tax; thereupon an action was brought to compel such levy, and the court held "that the report of the board of education to the defendants was not made according to law." The school board thereupon held a meeting, at which the following proceedings were had:

"South Omaha, August 12, 1892.

"*To the Honorable the Board of County Commissioners of Douglas County, Nebraska*—Gentlemen: At a meeting of the board of education of school district of South

Omaha, held on the 11th day of August, 1892, a corrected estimate of the funds required for all purposes was made, and the following resolution was adopted:

"*Resolved,* by this board, That the following is an estimate of the different funds required by school district of South Omaha for the fiscal year next ensuing: For the support of schools during the fiscal year next ensuing, the total sum of $30,000; for the purchase of a school site, the total sum of $2,500; for the erection of a school house, the total sum of $2,500; making a total amount of funds required for all purposes of $35,000. You will, therefore, please levy a tax on the taxable property of South Omaha, sufficient to raise the above mentioned funds, less the amount to be derived from other sources. The amount of funds in the hands of the treasurer of said district, and available for the support of school during the fiscal year next ensuing, is about $16,000; the amount expected to be raised from fines is about $100; the amount expected to be raised from licenses will be nothing above that already paid into the treasury, which is included in the $16,000 above mentioned; the amount expected to be raised from the state school money, apportioned to the district, will be about $4,000. That a duplicate of said estimate was duly sent to the city council of South Omaha.

"SCHOOL DISTRICT OF SOUTH OMAHA,
"By W. B. CHEEK, *President.*
"J. H. BULLA, *Acting Secretary.*"

A copy of this estimate was on the same day served on the defendants, but they refused to levy the tax, whereupon this action was brought to compel such levy. The court below refused to grant the writ because South Omaha was a city of the first class, and, therefore, its city council could levy the necessary taxes. In this the court was mistaken. The amended estimates, as filed in August, were but a continuation of those filed on June 6. The defendants should have notified the relator of the defects complained of and

given an opportunity to correct the same. The cause is very different from one where the first estimate was filed with the board after the levy was made. In such case the right to levy the tax would be very doubtful, but in the case at bar the defendants had the estimates before them—defective, it is true—showing that a tax should be levied. The judgment of the district court is reversed and a peremptory writ is awarded against the defendants as prayed.

REVERSED AND WRIT ALLOWED.

THE other judges concur.