L. A. RYAN, PLAINTIFF IN ERROR, v. THE STATE OF
NEBRASKA, EX REL. J. W. ELLER, DISTRICT ATTORNEY,
DEFENDANT IN ERROR.

1. **Constitutional Law**: AMENDMENTS TO STATUTES. In the
legislative amendment of a former act, the constitutional pro-
vision which requires all the parts of the amended law to be con-
tained in the new law, and the old law so amended to be repealed,
should be complied with.

2. ———: PENALTY ATTACHED TO DELINQUENT TAXES. An act
which provides that a penalty shall attach to and become a part
of a delinquent tax, is void.

3. ———: ———. In an act providing for the appointment of ·a
delinquent tax collector, defining his powers and duties, wherein
the last section re-enacts a former law which exclusively invests
the county treasurer with such office and all the powers and duties
of the same; *held*, that the last section must prevail, and all of
the act which relates to a delinquent tax collector is inoperative.

INFORMATION in the nature of a *quo warranto*, brought
in the district court of Richardson county, before
WEAVER, J., on the relation of Eller, district attorney
of the first district. To the information, Ryan, the
respondent, filed an answer, to which the relator demur-
red; and upon a hearing thereof, the demurrer was sus-
tained, and the judgment of ouster duly entered. Ryan
brought the cause here upon petition in error.

*J. D. Gilman, W. W. Wardell,* and *George P. Uhl*
(with whom was *M. Montgomery & Son,* and *Brown,
England & Brown*), for plaintiff in error, cited Cooley
on Constitutional Limitations, 117, 144, 145, 182, 184.
*The People v. McCallum,* 1 Neb., 182. *The People
v. Pinckney,* 32 New York, 377. *Evans v. Sharp,* 29
Wis., 564.

This is a proceeding in the nature of a *quo warranto,*
which lies only to try the right of an incumbent to the

office, and in order that the proceeding be maintained it is necessary that there be an office, and that a legal office created by a constitutional law. So, that in order for the relator to maintain this proceeding, the constitutionality of the act of February, 1875, must be admitted. A *quo warranto* will not lie to declare void an act of the legislature. *State, ex rel., v. City of Lyons,* 31 Iowa, 432. *State v. Paul,* 5 Stew. & Port. (Ala.), 40. High on Ex. Rem., Secs. 626, 635 and 689.

*J. W. Eller, Aug. Schoenheit,* and *Isham Reavis,* for defendant in error.

I. The act in question is in conflict with Art. 2, Sec. 19 of the constitution of the state, then in force, which provides that " No bill shall contain more than one subject, which shall be clearly expressed in its title; and no law shall be revived or amended unless the new act contains the entire act revived and the sections amended, etc."

It contains a clear delegation of legislative power to the county commissioners.

It is retroactive in its operation, and is obnoxious, being *ex post facto* in its effect.

II. It is in conflict with the latter subdivision of Sec. 24, Art. 2 of the constitution in force at the date of its approval, which provides as follows: " Nor shall the compensation of any public officer be increased or diminished during his term of office."

There are two objects aimed at in the enactment of this law: the creation of the office of delinquent tax collector, and the imposition of a penalty of ten per cent for the non-payment of taxes; and this penalty is imposed as well for past omissions as for future delinquencies, while the title expresses but a single subject, the creation of an office, and the definition of official duty.

*Wilkins v. Miller*, 9 Ind., 100.    *People, ex rel., v. Mahaney,* 13 Mich., 481.    *Smails v. White*, 4 Neb., 353.

The creation of a civil office, and the enactment of a penal statute, are matters so far incongruous as to have no necessary connection, but are wholly diverse in their nature.

III.    The act in question is clearly amendatory of the general revenue laws of the state, approved February 15, 1869, yet the sections thus amended are not contained in the new law, as required by the constitution in force at that time.    *Smails v. White, supra.*

Nor is the act complete in itself as an independent, self-existent statute.    *People v. Mahaney, supra.*

It contains a clear delegation of legislative power, as its operative force is dependent upon the exercise of a discretionary power, by it vested in the county commissioners to appoint a delinquent tax collector or not, as they may see proper, thus conferring upon that body the power of giving the act in question the form of law by making the appointment therein permitted, or rendering it a dead letter on the statute book, by neglecting or refusing to make such appointment.    A careful examination of this singular piece of legislation will serve to show that, without an appointment to the office created by it, not a single provision or section in it can, nor does, have the effect of law.

IV.    The intent of the law-giver is the law.    This intent is to be gathered from the words employed in the law itself, and the subject matter of the act.    Plainly it was the intention of the legislature to provide for the collection of taxes already delinquent, as well as those thereafter to become delinquent.    This act, so far as it relates to past omissions in the payment of taxes and the imposition of a penalty therefor not previously

imposed by the law under which the same was levied, is in the nature of a bill of pains and penalties, is retroactive in its operation and wholly void.

The imposition of a penalty for a past omission in the payment of taxes, is not taxation, but confiscation. *State v. Mayor of Jersey City*, 8 Vroom, 39.

GANTT, J.

It is alleged that the plaintiff in error assumed and usurped, and still doth usurp, intrude into, use and assume to exercise, hold and enjoy the office of delinquent tax collector, so called, in the county of Richardson, without any warrant of authority or legal right whatever; and prays that he may answer by what authority he claims to have and hold, and assume to exercise and enjoy the said franchise and office.

In the answer, the plaintiff denies the material allegations in the information, and then substantially avers, that the office of delinquent tax collector was vacant, and that on the 6th day of April, 1876, the county commissioners of the said county appointed him to fill the said office, in accordance with the act of February 24th, 1875, and that he qualified and entered upon the discharge of the duties of the office, as he lawfully might and should do. A general demurrer was interposed to this answer, which was sustained by the court below; and the plaintiff in error making no further answer, judgment was rendered against him.

The six assignments of error all go to one point only, namely: that the court below erred in sustaining the demurrer, and in rendering judgment thereon in favor of defendant in error and against plaintiff in error.

The main question, however, is whether the act referred to, and under which the plaintiff claims his right to the office, is constitutionally a valid statute.

The act attempts to amend and remodel to a considerable extent, the general revenue laws contained in the revised statutes of 1873, without inserting in the new law the sections so amended and remodeled, and without making any particular reference to them. The constitutional provision requires all the parts of an amended law to be contained in the new act, and the old law so amended to be repealed. This constitutional provision, it seems, has been wholly disregarded in the new act referred to.

Again, the new act requires the county treasurer, in each county of the state, on the first day of May, 1875, about two months after its passage, to deliver to the delinquent tax collector the tax list of all taxes which shall have been delinquent for one year and over, and to do so each year thereafter; and it further provides: "That upon all taxes remaining delinquent for the space of one year, a penalty of ten per cent shall *attach*, which shall be collected by such delinquent tax collector *as a part of the tax*." This penalty, by the express provision of the statute, becomes an inseparable portion or part of the taxes, which were delinquent at the time the act was passed; and in the collection of them, it cannot be separated from them in violation of the law. Now, it is said, that "penalties may be prescribed for future delinquencies in the payment of taxes, as part of the machinery by which government is enabled to collect them;" but such penalty is not taxation, and cannot be sustained as a tax or any part of the revenues raised by taxation. If, then, such penalty can be enforced, it must be imposed simply as a method or machinery by which the government is enabled to collect future delinquencies in the payment of taxes, and cannot be applied to or enforced in the collection of taxes previously levied or delinquent; for, in such case, the law would be retroactive in its operation, and cannot be sustained; and, therefore, to

enforce the collection of the penalty would be confisca-
tion, and not taxation.   It is said, that the "legislature
can exercise no such function without conflicting with
that clause of the constitution which is intended to guard
private rights against oppression;" and, that " even in
the absence of any fundamental guarantee, such a use
of legislative authority would be considered as contrary
to the great first principles of the social compact.   It is
opposed to all reason and justice, and the very nature
and spirit of our form of government forbid us to believe
that the people intended to entrust the legislature with
any such power."   "There would be no limitation of the
time for which such laws might be made to retroact, or
the sum which might be exacted under them, save only
the will of the law-maker and the public exigency.   Des-
potism itself could not employ a more arbitrary means
of extortion."   *State v. Mayor, etc., of Jersey City*,
8 Vroom, 43.

But, again, the act approved February 24, 1875, provid-
ing for the appointment of a delinquent tax collector is,
certainly, a novel specimen of legislation.   After defin-
ing the powers and duties of such delinquent tax collec-
tor, the last section of the act provides that: "This act
shall not *in any way* affect sections forty-nine and fifty,"
of the general revenue laws as found in the revised stat-
utes of 1873.   Is not this, in effect, a re-enactment of
the sections referred to, and, therefore, directly and
wholly inconsistent with all those sections or portions of
the act which precede it?

This seems to be a fatal objection to the new law; for,
by section forty-nine of the general revenue laws, it is
provided that: "No demand of taxes shall be necessary,
but it shall be the duty of every person subject to taxa-
tion, under the laws of this state, to attend at the *treas-
urer's* office, at the county seat, and pay his taxes, and
if any person neglect so to attend and pay his personalty

taxes, until after the first day of May next succeeding the levy of the tax, the *treasurer is directed* to levy and collect the same, together with the costs of collection, by distress and sale of personal property belonging to such person, in the manner provided by law for the levy and sale of property on execution, and the *treasurer* shall be entitled to the same fees for services as are allowed by law to sheriffs for selling property under execution: *Provided*, That in case any person having personal property assessed, and upon which the taxes are unpaid, shall in the opinion of the *treasurer*, be about to move out of the county, or in any other manner seek to put his personal property out of the reach of the *treasurer, it shall be the duty of the treasurer* to collect such taxes, at any time after the tax duplicate has been placed in his hands." Section fifty directs, that in the collection of delinquent taxes upon real estate "the remedy to be pursued shall be the same as is provided in sections forty-nine and fifty-two." Section fifty-two provides the manner of procedure in the sale of personal property levied on as aforesaid for the payment of taxes.

The re-enactment, in effect, of the above parts of the general revenue laws, by the last section of the act of February 24, 1875, certainly invests the county treasurer with the office of collecting delinquent taxes, and confers on him all the powers and duties of such office. Hence, upon what principle of law can the plaintiff in error take from him the tax duplicates, or lists of taxes which have become delinquent, and assume to exercise and discharge the duties which the law expressly requires to be performed by the county treasurer? We think the well settled rule of construction of statutes applies to this new act with great force, and that the last section must prevail; and hence, all that portion of the act which precedes it, being inconsistent with the provisions of the sections re-enacted must be held as inoperative, and of no effect.

Both the old and new law cannot stand together; under the old law above quoted, the power and duties of the county treasurer are absolute and not divisible; the re-enactment of these provisions by the last section of the new statute, restores to and vests the county treasurer with all the powers and duties of the office of tax collector, and, therefore, the act of February 24, 1875 is rendered simply ineffective.

JUDGMENT AFFIRMED.