LANCASTER COUNTY, PLAINTIFF IN ERROR, v. JOSEPH S. HOAGLAND, DEFENDANT IN ERROR.

1. **Fees of Sheriff for boarding prisoner.** Under the act of 1877, to amend Section 5, of Chapter 19, of the Revised Statutes, authority is given the county commissioners to fix the compensation of the sheriff for boarding prisoners at such sum as they may deem just and proper, not exceeding seventy-five cents per day, nor more than three dollars per week when the prisoners are confined more than one week.

ERROR from the district court of Lancaster county. The facts appear in the opinion.

*Brown & Marshall,* for plaintiff in error.

*Lamb, Billingsley & Lambertson,* for defendant in error.

MAXWELL, CH. J.

This case was appealed to the district court, from a decision of the board of county commissioners of Lancaster county, allowing the defendant only fifty cents per day for boarding prisoners in the county jail, he having presented a bill to the said commissioners claiming at the rate of seventy cents per day, for boarding said prisoners. Judgment in the district court was given in favor of the appellant and the county brought the cause here by petition in error.

The question presented involves the construction of the several acts of the legislature in regard to the fees of sheriff.

Section 5, chapter 19, of the Revised Statutes of 1866, provides that the sheriff shall be paid " for boarding prisoners per day not exceeding seventy-five cents."

In 1869, section 11, chapter 29, Revised Statutes, was amended to read as follows: " That the sheriffs and jailors of the several counties, who have the custody of the *state* prisoners confined in the jails of such counties, shall receive for boarding such prisoners the sum of seventy-five cents per day." Laws 1869, p. 171. As this amendment is restricted to *state* prisoners, it has no application to the case at bar.

In 1871 an act was passed amending section 5, chapter 19, Revised Statutes, but no change appears to have been made in the clause for boarding prisoners. Laws 1871, p. 108.

In 1875, an act was passed to amend section 5 of

chapter 22, Revised Statutes of Nebraska, entitled
"Fees." While there is a mistake in the *number* of the
chapter, the amendments were clearly intended to ap-
ply to section 5, chapter 19, of the Revised Statutes,
and the sheriff is allowed "for boarding prisoners per
day, not exceeding seventy-five cents." Laws 1875,
p. 80.

In 1877, section 5, chapter 19, of the Revised Sta-
tutes was again amended, and the sheriff was allowed
"for boarding prisoners per day, not exceeding seven-
ty-five cents, nor more than three dollars per week
when the prisoners are confined more than one week."
Laws 1877, p. 42.

In 1873, an act was passed to amend section 11,
chapter 29, of the Revised Statutes, and providing that:
"The sheriff or jailor of the same counties, who have
the custody of the state or other prisoners confined in
the jails of such counties, shall receive for boarding
such prisoners the sum of seventy cents per day,"
General Statutes, p. 454. This act is clearly amenda-
tory of section 11, chapter 29 of the Revised Statutes,
but has no provision repealing the original section. It
is therefore void under the rule laid down in *Smails v.
White*, 4 Neb., 356. *Sovereign v. The State of Nebraska*,
7 Neb., 409.

It is clear from an examination of the several acts
herein referred to in relation to sheriff fees that section
5, chapter 19, of the Revised Statutes, although modi-
fied by the act of 1875, had not been entirely repealed
prior to the passage of the act of 1877. Such being
the case the act of 1877 is now in full force, and au-
thorizes the county commissioners to fix the compensa-
tion of the sheriff for boarding prisoners at such sum
as they may deem just, not exceeding seventy-five
cents per day, nor more than three dollars per week
when the prisoners are confined more than one week

This being the case, the district court erred in rendering judgment for the defendant. The judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.