THE STATE, EX. REL. SCHOOL DISTRICT NO. 6 OF PIERCE
COUNTY, PLAINTIFF IN ERROR, V. THE BOARD OF
COUNTY COMMISSIONERS OF PIERCE COUNTY, DEFEND-
ANT IN ERROR.

1.   **Mandamus:** JURISDICTION OF JUDGES OF DISTRICT COURTS
     IN VACATION.  Judges of the district courts have no jurisdic-
     tion in vacation to award writs of mandamus.

2.   ————: CONSTITUTIONAL LAW.   Under sec. 11, art. III. of
     the constitution of this state, the legislature could not, by an
     amendment of chapter 13 of the revised statutes, confer such
     jurisdiction upon judges at chambers.

ERROR to the district court of Pierce county.

*George B. Fletcher*, for plaintiff in error.

*No appearance* for defendant in error.

LAKE, J.

This is a petition in error for the reversal of a judg-
ment of the district court sustaining a general demur-
rer to an alternative writ of mandamus.

It appears that the alternative writ was awarded by
the judge of the court upon an application made to him
at his chambers in vacation.  We presume that the
judge, in entertaining the application, supposed he was
given jurisdiction to do so by sec. 39 of the act to
amend chapter 13 of the revised statutes, approved
February 27, 1879, as this is the only statute from
which such jurisdiction could possibly have been in-
ferred.  [Laws 1879, 90.]  The portion of that sec-
tion to which we refer is in these words: " A judge
of the district court may sit at chambers anywhere
within his district for the purpose of  *   *   *   hear-
ing an application for mandamus," etc.  In the use

of this language it is evident to us that the legislature did not suppose they were conferring upon judges at chambers an enlarged or additional authority, but simply providing for the exercise of that which they already had.

But even if we are wrong in this construction, there is a still stronger reason for holding that this amendment gives no additional jurisdiction to the judges of the district courts. It is this, that by a mere amendment of the act in question the legislature had no power under our present constitution to bring into it a new subject, and one which is entirely foreign to its title. Sec. 11, art. III. of the constitution, declares that: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contain the section or sections so amended, and the section or sections so amended shall be repealed." The act of 1866, to which this amendment was made, has a very restrictive title, it being simply "Courts," and was passed when no such limitation upon the discretion of the legislature in the enactment of laws as the foregoing existed. In view of that limitation it would hardly be contended by the merest tyro in the law that, under this title, the legislature could, by an original enactment, confer upon judges of courts during vacation any jurisdiction whatever. And if the legislature could not do this directly by means of an original act, surely it could not be done by an amendment of this one, wherein, with the single exception of the district court judges being by sec. 13 made conservators of the peace, there is not a solitary provision investing them with judicial power.

By reference to the act of 1866, Revised Statutes, 48 (General Statutes, 252), it will be seen that it re-

lates chiefly to the jurisdictions of the supreme and district courts, fixing and regulating them, and that, except in the one matter before stated, there is not so much as the semblance of judicial power thereby given to the judges as such. It is true that they are given certain authority outside of their respective courts, but it is not judicial. For instance, by sec. 5 the judges of the supreme court could report their own decisions, or they might appoint a reporter for that purpose. And by sec. 9 they could appoint special terms of court; and, in certain contingencies, order adjournments of their courts from time to time. So, too, the district court judges were empowered by sec. 15 to order special terms, and by sec. 23 to direct an adjournment of the courts. From this summary it will readily be seen that this amendment is not only not embraced within the title of the act amended, but is wholly foreign to all of its former provisions, and consequently in direct conflict with the constitutional provision above quoted. *City of Tecumseh v. Phillips*, 5 Neb., 305. *White v. The City of Lincoln*, *Id.*, 505. *The State, ex rel. Jones, v. Lancaster County*, 6 Id., 474. *B. & M. R. R. Co. v. Saunders County*, 9 Id., 507.

With these views of the amendment in question, we must hold that the judge, in awarding the alternative writ, acted without authority, and that the writ furnished no warrant for the subsequent action of the court thereon. The judgment is therefore reversed, and the case dismissed for want of jurisdiction.

REVERSED AND DISMISSED.