CITY OF SOUTH OMAHA ET AL. V. TAXPAYERS' LEAGUE ET AL.

FILED NOVEMBER 9, 1894.   No. 7059.

1. **Statutes:** REPEAL: CONSTITUTIONAL LAW. Where it is sought by legislative enactment to amend and repeal a former act, or any section or sections thereof, there should be a compliance with requirements of the constitution in reference to amendment and repeal of laws.

2. ———: ———: ———. The act entitled "An act to amend sections one (1) and two (2) of an act entitled 'An act to incorporate cities of the first-class having less than twenty-five thousand and more than eight thousand inhabitants, and regulating their duties, powers, and government,' known as chapter 15 of the General Laws of 1889, and passed and approved March 14, 1889," (Laws of 1891, pp. 162, 163,) not having complied with the requirement of the constitution contained in secton 11 of article 3, wherein it is provided that "no law shall be amended unless the new act contains the section or sections so amended and the section or sections so amended shall be repealed," is void and without effect.

3. **Injunction:** MUNICIPAL CORPORATIONS: OFFICERS: ILLEGAL SALARIES.   Where the acts of a municipal corporation are presumably without color of law, an action of injunction may be maintained by a party showing a sufficient interest and that irreparable injury will result to him through such acts, and this

notwithstanding a decision of the issues in the case may involve a decision of the particular class to which the municipal corporation belongs.

4. ———. Under the facts as developed in this case, *held*, that injunction was the proper remedy.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*E. T. Farnsworth*, for plaintiffs in error, cited: *Ryan v. State*, 5 Neb., 276; *Lancaster County v. Hoagland*, 8 Neb., 36.; *Jamieson v. People*, 16 Ill., 257; *Fugate v. McManama*, 50 Mo. App., 41; *McClay v. City of Lincoln*, 32 Neb., 416; *People v. Maynard*, 15 Mich., 463; *Rumsey v. People*, 19 N. Y., 42; *Town of Geneva v. Cole*, 61 Ill., 397; *Mullikin v. City of Bloomington*, 72 Ind., 161; *City of St. Louis v. Shields*, 62 Mo., 247; *Louisville, N. A. & C. R. Co. v. Shires*, 108 Ill., 617; *Lincoln Building & Saving Association v. Graham*, 7 Neb., 173.

*R. B. Montgomery*, *H. G. Bell*, and *Edmund C. Lane*, contra, cited: *People v. McCallum*, 1 Neb., 182; *Willis v. St. Paul Sanitation Co.*, 50 N. W. Rep. [Minn.], 1110; *State v. Weston*, 4 Neb., 216; *Smails v. White*, 4 Neb., 356; *School District v. Paddock*, 36 Neb., 263.

HARRISON, J.

In this case the defendants in error filed a petition in the district court of Douglas county, alleging:

"1. The Taxpayers' League of South Omaha, Nebraska, is a corporation duly organized and existing under and by virtue of the laws of the state of Nebraska, and is located in the city of South Omaha, and is a taxpayer thereof, and is duly authorized to sue and be sued in its own behalf and in behalf of the taxpayers of said city in any action pertaining to the welfare of said city or its citizens.

"2. That the plaintiff Thomas J. O'Neill is an elector

of the city of South Omaha and has been for more than a year last past, and is a taxpayer in said city, having a large amount of property in said city, both real and personal, subject to taxation therein, and is and has been a heavy taxpayer in said city.

"3. That the said plaintiffs herein bring this action in their own behalf· and in ·behalf of the citizens and taxpayers of the city of South Omaha.

"4. That the said defendant the city of South Omaha is a city of the second class having more than 5,000 and less than 10,000 inhabitants, according to the census taken and promulgated under and by the authority of the United States in the year 1890, being the last census taken and promulgated by the United States or the state of Nebraska. ·

"5. That the defendant Ed. Johnston was elected and is acting as mayor of the said city of South Omaha; that James Bulla, William M. Wood, Frank Koutskey, Henry Meis, Ed. Conley, John J. Ryan, W. M. Mullala, and John S. Walters are the acting city council of the said city of South Omaha; that Joseph J. Maly is the acting clerk of the said city of South Omaha; that Thomas Hoctor is the acting treasurer of the said city of South Omaha.

"6. That under the laws of the state of Nebraska governing cities of the second class, sections 2735 and 2736, Cobbey's Annotated Statutes of the state of Nebraska, provided that the salaries of all officers shall be fixed by ordinance, not exceeding the following sums, respectively: The city engineer, not exceeding five ($5) dollars per day for each day actually employed, and not exceeding five hundred ($500) dollars in any one year. The city clerk, five hundred ($500) dollars. The city attorney, five hundred ($500) dollars, etc.

"7. That contrary to said law and without authority said mayor and city council adopted, approved, and published the following ordinance, to-wit:

47

"'ORDINANCE No. 568.

"'An ordinance fixing the salaries of the city attorney, city clerk, and city engineer of the city of South Omaha, Nebraska, and repealing all ordinances or parts of ordinances in conflict herewith.

"'*Be it ordained by the Mayor and City Council of the City of South Omaha, Nebraska:*

"'Section 1. That the salaries of the city attorney, city clerk, and city engineer of the city of South Omaha be and are hereby fixed as follows: City attorney, $1,200 per annum; city clerk, $1,000 per annum; city engineer, $1,000 per annum. Said salaries shall be payable in monthly installments by warrants drawn on the city treasurer in the usual form.

"'Sec. 2. All ordinances or parts of ordinances in conflict herewith are hereby repealed.

"'Sec. 3. This ordinance shall take effect and be in force from and after its passage.'

"8. That the defendants herein, without right or legal authority, intend and are about to pay the city attorney, one E. T. Farnsworth, city engineer, one —— Beal, and city clerk, one Joseph J. Maly, of said city the increased salaries allowed and provided for in said ordinance out of the money collected as taxes from the plaintiffs and other taxpayers of said city.

"9. The plaintiffs further represent that unless the defendants are restrained by injunction, they will proceed to audit, allow, and pay said illegal salaries to said officers out of the money collected as aforesaid, and that these plaintiffs and other taxpayers of said city will be greatly damaged and irreparably injured by said unlawful and illegal appropriation of said funds, and that the plaintiffs and taxpayers of said city will be without any adequate remedy at law. And praying an injunction against the auditing and allowing of any claim of the city attorney, city clerk, and city engineer against the city of South

Omaha for salaries in excess of the sums fixed as salaries for such officers in the charter governing cities of the second class and the ordering drawn, the drawing, signing, issuance, and payment of any warrant or warrants founded upon any such claim, and that the ordinance set forth in the petition fixing the salaries of the city attorney, city clerk, and city engineer be declared illegal and void."

To this petition the city filed to certain parts an answer and to other parts a demurrer, as follows:

"1. Defendants deny that South Omaha is a city of the second class, and in this connection allege that it is a city of the first class; deny the allegations contained in the first paragraph of said petition; deny the allegations contained in the last two lines of the third paragraph of said petition; deny all the allegations contained in the fourth paragraph of said petition; deny the allegations contained in the first line of the seventh paragraph of said petition; deny the allegations contained in the first line of the eighth paragraph of said petition; and deny each and every allegation contained in the last five lines of the ninth paragraph of said petition.

"2. As to the allegations contained in the second paragraph, the first two lines of the third paragraph, and all of the sixth paragraph, and the last two lines of the seventh paragraph, and last six lines of the eighth paragraph and first four lines of the ninth paragraph of said petition, the defendants, and each of them, demur, for the reasons that the allegations contained in said paragraphs do not state facts sufficient to constitute a cause of action against the defendants, and for the further reason that the plaintiffs have not the legal capacity to sue; that the court has no jurisdiction over the subject-matter of this action and these defendants object to the right of these plaintiffs herein, or either of them, to bring this action on their own behalf or to question the classification of defendant city in this action."

On the date the petition was filed a restraining order was issued and on June 14, 1894, the court rendered a decree in the cause as follows:

"Now on this day this cause came on to be heard on the petition of plaintiffs and the answer of defendants, and the stipulation and affidavits and exhibits of the parties, and the parties agreed that the hearing herein should be final. The court, being fully advised in the premises, finds, upon the issues joined and evidence produced, that the city of South Omaha is a city of the second class as alleged in plaintiffs' petition, and the court further finds in favor of the plaintiffs. It is therefore considered by the court that the injunction heretofore granted in this case may be made perpetual, and that the defendants, and each of them, be and the same are perpetually enjoined and restrained from paying salaries in excess of the following amounts, to-wit: City attorney, $500 per year; city clerk, $500 per year; city engineer, $5 per day, or not to exceed $500 per year. To all of which the defendants except."

A motion for a new trial was filed on behalf of the city, and on hearing overruled, and the city has removed the case to this court on petition in error.

The record discloses that South Omaha was organized as a city of the second class the proclamation of the governor of the state declaring it such a city being of date December 13, 1887; and was incorporated as a city of the first class, having a population of more than eight thousand and less than twenty-five thousand, by a proclamation of the governor of the state issued of date June 8, 1889. During the session of the legislature of 1891 there was passed an act which purported to amend the act under which South Omaha became a city of the first class, by which it was made necessary that the population of a city of the class therein named should be not less than ten thousand inhabitants, and it is claimed by the defendants in error, in argument, that by the census taken A. D. 1890 it was shown that

South Omaha had but 8,062 inhabitants and could no longer be a city of the first class, but was at once relegated to her position as a city of the second class.   Attorney for plaintiff in error contends that for certain reasons stated in his brief the act of 1891 was unconstitutional and of no effect, and he further argues that this is an action in which the existence of the city of South Omaha as a city of the first class is to be determined, and that her existence as such city cannot be questioned in a collateral proceeding or suit, such as they claim is the present one.   The act of 1891 was as follows:

"An act to amend sections one (1) and two (2) of an act entitled 'An act to incorporate cities of the first class having less than twenty-five thousand and more than eight thousand inhabitants, and regulating their duties, powers, and government,' known as chapter 15 of the General Laws of 1889, and passed and approved March 14, 1889.

" *Be it enacted by the Legislature of the State of Nebraska:*

"SECTION 1. That section one (1) of an act of the legislature entitled 'An act to incorporate cities of the first class having less than twenty-five and more than eight thousand inhabitants, and regulating their duties, powers, and government,' be amended so as to read as follows:

"Section 1. ( 'Cities of the First Class.')   That all cities having less than twenty-five thousand (25,000) and more than ten thousand (10,000) inhabitants, as ascertained and officially promulgated by the census and enumeration taken by authority of the laws of the United States in the year 1890, shall be governed by the provisions of this act, and be known as cities of the first class having less than twenty-five thousand (25,000) inhabitants.

" SEC. 2. That section two (2) of said act be amended so as to read as follows :

"Section 2. Whenever any city of the second class shall

have attained a population of more than ten thousand (10,000) inhabitants, as ascertained and officially promulgated by the census return and enumeration taken under the authority of the United States, or under the authority of the state of Nebraska, the mayor of such city shall certify such fact to the governor, who shall by proclamation so declare, and thereafter such city shall be governed by the provisions of this act. And upon such proclamation being made by the governor each and every officer of such city shall within thirty (30) days thereafter qualify and give the bonds provided for by this act.

"SEC. 3. Whereas an emergency exists, this act shall take effect and be in force from and after its passage.

"Approved April 4, 1891."

It will be noticed by reading the above act that in its first section it limits the cities which shall be governed by the provisions of the act to such as have the required number of inhabitants as ascertained and officially promulgated by the census of 1890, and the act contains no repealing clause. As to how its validity is affected by the fact that it has no repealing clause cannot now be considered an open question. If it were, we might feel disposed, possibly, to take a different view of it than has been heretofore taken by this court; but the rule has been established and no good and sufficient season has been suggested showing any necessity for a change, and we think it should be adhered to. Under the doctrine announced in the cases of *Lancaster County v. Hoagland*, 8 Neb., 38, and *Ryan v. State*, 5 Neb., 276, the act of 1891 was void for non-compliance with constitutional requirements in regard to an amendatory act, and the act of 1889 continued in full force as it was originally enacted in so far at least as it was attempted to amend or change it by the act of 1891. In the case of *State v. Paddock*, 36 Neb., 263, cited by the counsel for defendants in error, the question regarding the constitutionality of the act of 1891 was not decided, hence the case is

not one in point in this case and is not in conflict with the conclusion herein reached on such question.

In another branch of the argument in this case it was insisted by attorney for the city that this suit involved the question of the existence of South Omaha as a municipal corporation, and being a collateral proceeding it must fail, and he cited, among others, the case of *State v. Whitney*, an opinion of this court filed June 27, 1894, reported in 41 Neb., 613, as directly in point and decisive of this case. In that opinion it is said by Post, J., in the text: "The rule is well settled upon authority that the existence of a municipal corporation cannot be questioned in collateral proceeding. In Dillon, Municipal Corporations [4th ed.], sec. 43a, it is said: 'Where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties.'" The facts in that case,—an application for *mandamus*,—as found by the referee, disclosed that the town of Alma, in Harlan county, had been incorporated for five years as a city of the second class having a population of 1,000 and not more than 10,000; that according to a census taken during the month of January preceding the election the population of the city was less than 1,000, and the contention of the respondents was that as soon as the census was completed and it appeared that there were not 1,000 inhabitants in the city, it ceased to be a city of the second class. The law was still in force, and any acts of the city as one of the second class would be at least under color of law and could not be made an issue in the action of *mandamus*. The facts in the case at bar differ from those in the case cited. The law under which the city of South Omaha had been incorporated and was acting as a city of the first class had been apparently superseded, and the city legislated out of existence as a city of the first class by an amendatory act which, presumably, was constitutional and valid, and which, unless repealed, must remain

in force and be given effect until pronounced invalid by some court of competent authority, and the acts which were sought to be enjoined could only be upheld by virtue of the portions of a law which had been apparently amended by the amendatory act of 1891, and such acts were then presumably without color of law for their authorization, and it was competent to attack them in the manner in which they were assailed in the case at bar, although in passing upon the validity of the act of 1891 it might involve the question of the class of cities to which South Omaha belonged. The decree of the district court is reversed and a decree ordered entered in this court dismissing the action.

JUDGMENT ACCORDINGLY.