LEAMAN BRUCE V. STATE OF NEBRASKA.

FILED MAY 19, 1896.  No. 8273.

1. Statutes: EVIDENCE. Printed copies of the statute laws purporting or proved to have been published under the authority of the state are presumptive evidence, and presumptive evidence only, of such laws. The original enrolled act bearing the certificates of the presiding officers of the two houses of the legislature and the approval of the governor, and deposited with the secretary of state, is the controlling evidence.

2. ———: AMENDMENTS: RAPE. Chapter 105 of the Session Laws of 1887 is a valid amendment of section 12 of the Criminal Code, although the repealing clause in the published act purports to repeal section 11 instead of section 12 as theretofore existing; the enrolled act disclosing that the legislature in fact repealed said original section 12.

3. Evidence: WORDS: CRIMINAL LAW. When a word used by a witness has a signification so generally known that it must have been understood by the triers of fact, an appellate court will not disre-

gard such signification or treat the word as unintelligible merely because from motives of decency and propriety lexicographers have ignored it.

ERROR to the district court for Burt county. Tried below before KEYSOR, J.

*H. Wade Gillis,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,.* for the state.

References: *Redfield v. State,* 39 Neb., 192; *Edgar v. McCutchen,* 9 Mo., 448.

IRVINE, C.

The plaintiff in error was convicted upon an information charging him, being of the age of more than eighteen years, with having carnally known and abused a certain female child under the age of fifteen years, to-wit, of the age of fourteen, with her consent. The offense was alleged to have been committed May 9, 1893, and the information was filed March 26, 1894. There is an act of the legislature of 1895 (Session Laws, 1895, ch. 74), relating to this offense; but it will be observed that the dates stated are such that this act is without bearing on the case.

Of the errors assigned, those presented by the briefs relate to only two questions. The first, presented by several assignments of error, involves the constitutionality of chapter 105 of the Session Laws of 1887. In 1885 an act was passed (Session Laws, 1885, ch. 101) amending section 12, chapter 4, of the Criminal Code so as to fix what is loosely styled "the age of consent" at twelve years. Chapter 105 of the Laws of 1887 purports in its title and enacting clause to amend this section, and makes the so-called "age of consent" fifteen years, but the repealing clause in the published Session Laws of 1887 repeals not section 12, but section 11 of the Criminal

Code, relating to a different offense. The complaining witness in this case being fourteen years of age, the conviction could not be sustained if the act of 1887 was as it appears in the printed edition of the Session Laws. (*City of South Omaha v. Taxpayers' League*, 42 Neb., 671.) The enrolled act on file in the office of the secretary of state has, however, been examined, and it is found that the act as passed by the legislature and approved by the governor properly repealed section 12 of the Criminal Code as theretofore existing, and not section 11, as the printed laws, through a typographical error, indicate. Section 419 of the Code of Civil Procedure merely makes the printed laws published under authority of the state presumptive evidence of such laws. In case of conflict the original enrolled act, bearing the certificates of the officers of the two houses of the legislature and approval of the governor, and deposited with the secretary of state, is the controlling evidence.

The other question raised goes at once to the applicability of a certain instruction and the sufficiency of the evidence to sustain the conviction. The prosecuting witness, in describing the commission of the offense, made use of a word of generally known signification, but which has been ignored by lexicographers. The same considerations which have excluded such terms from the dictionaries forbid a frank discussion of the question presented in this opinion. When a word has a signification so generally known that it must have been understood by the triers of fact when used by a witness, an appellate court should not disregard such signification merely because, from reasons of decency and propriety, lexicographers have ignored it. We are satisfied that the evidence was sufficient and the instruction, of which no complaint is made as a statement of the law, was applicable to the evidence.

JUDGMENT AFFIRMED.