## JONAS REYNOLDS v. STATE OF NEBRASKA.

53  761
56  200

53  761
60  388

FILED FEBRUARY 17, 1898.      No. 9805.

1. **Instructions: NON-DIRECTION: REVIEW.** Mere non-direction by the court below affords no ground for reversal where a proper instruction covering the point was not requested.

2. **Statutes: AMENDMENTS.** An act which in its purpose and scope is merely amendatory of a section of a prior statute must set out the new section and, in addition, contain a provision for the repeal of the old section sought to be amended.

3. ———: ———: **CONSTITUTIONAL LAW: LARCENY.** The act of the legislature of 1875 amendatory of certain sections of the Criminal Code, including section 116 relating to stolen goods (Session Laws 1875, p. 1), is void, because it contains no provision for the repeal of the sections amended, as required by section 19, article 2, of the state constitution adopted in 1866.

ERROR to the district court for Hall county.   Tried below before KENDALL, J.   *Reversed.*

*W. A. Prince,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General,* for the state.

NORVAL, J.

Jonas Reynolds was convicted of the offense of receiving stolen goods, and he has brought the record of the trial to this court for review, assigning numerous grounds for reversal.

The first contention is that the court erred in not informing the jury, in its instructions, that the defendant had entered a plea of not guilty to the information. There are two ready answers to this suggestion: First, the accused tendered to the trial court no request to instruct the jury upon that point.   The rule has been often announced and applied in this court in criminal cases that the mere failure to charge the jury upon a particular proposition is not reversible error, unless a suitable instruction has been tendered. (*Gettinger v. State,* 13 Neb. 308; *Hill v. State,* 42 Neb. 503; *Housh v. State,* 43 Neb. 163; *Barr v. State,* 45 Neb. 458; *Metz v. State,* 46 Neb. 547; *Pjarrou v. State,* 47 Neb. 294; *Johnson v. State,* 53 Neb. 103.)   In the second place, the rights of the accused could not have been in the least affected by the failure to advise the jury in specific terms what plea the defendant had entered to the charge against him, since, in several of the instructions, the jury were, in plain and unequivocal language, told that the defendant was presumed to be innocent of the accusation contained in the information, should be acquitted if they entertained a reasonable doubt of his guilt, and that the verdict should be based alone upon the evidence adduced on the trial.   In the light of the entire charge, no prejudicial error could possibly have resulted from the omis-

sion of the trial judge to state that the prisoner had pleaded not guilty.

Complaint is made of the giving of the fourth instruction, which is in the language following: "You are instructed that the law in this state is that if any person shall receive any goods or chattels of the value of thirty-five dollars or upwards, that shall be stolen or taken by robbers with intent to defraud the owner, every person so offending shall be imprisoned in the penitentiary no more than seven years nor less than one year." The foregoing is a substantial copy of section 116 of the Criminal Code of 1873, as attempted to be amended by the legislature of 1875, at least so far as the said amendatory section is applicable to the charge contained in the information. It is argued that it was reversible error to give the instruction quoted, because it was based upon a void amendment of section 116 of the Criminal Code, which objection was properly made in the court below. In the year 1873 the legislature passed an act entitled "An act to establish a Criminal Code." (General Statutes, p. 719, ch. 58.) Section 116 of said Code is here reproduced: "If any person shall receive or buy any goods or chattels of the value of thirty-five dollars or upward, that shall be stolen or taken by robbers, knowing the same to be stolen or taken by robbers, with intent to defraud the owner; or shall harbor or conceal any thief or robber, knowing him or her to be such, every person so offending shall be imprisoned in the penitentiary not more than seven years, nor less than one year."

The legislature in 1875, by an act entitled "An act to amend sections eight,  *  *  *  one hundred and sixteen,  *  *  *  of the Criminal Code, chapter 58 of the General Statutes of 1873," attempted to amend forty-one sections of the Criminal Code then in force, including said section 116 relating to the receiving or buying of stolen goods and the harboring or concealing of thieves or robbers. This act of 1875 is not, nor does it purport

to be, entirely new legislation, creating a new offense, but is purely amendatory in its nature and character, and contains no provision for the repeal of any of the sections sought to be amended. The new act, it is claimed, is unconstitutional because it contains no repealing clause. The doctrine has been frequently asserted and applied in this state that an act, not complete in itself, but which is merely amendatory of a section of a statute, must set out the section amended and, in addition, contain a provision for the repeal of the old section so amended. (*Ryan v. State*, 5 Neb. 276; *Lancaster County v. Hoagland*, 8 Neb. 38; *City of South Omaha v. Taxpayers' League*, 42 Neb. 671; *State v. City of Kearney*, 49 Neb. 325; *State v. Tibbets*, 52 Neb. 228.)

The suggestion of the attorney general that the amended section 116 was enacted prior to the adoption of the present constitution is no sufficient answer to the objection urged against the validity of the section by counsel for the accused, since said act of 1875 contravened section 19, article 2, of the state constitution adopted in 1866, which declares that "no law shall be revived or amended, unless the new act contains the entire act revived, and the sections amended, and the section or sections so amended shall be repealed." The provision just quoted is substantially the same as the latter part of section 11, article 3, of the constitution of 1875. The amendatory section 116 of the Criminal Code was not adopted in the mode prescribed by the constitution of the state at that time in force, for the reason the amendatory act contained no provision for the repeal of the original section attempted to be amended, as required by said section 19, article 2, of the constitution of 1866. It follows that said amendatory section 116 is unconstitutional, and void, and the original section remains in full force and effect.

The amendatory section 116 did not contain the words "knowing the same to be stolen or taken by robbers," which were incorporated in the original section, nor does

the amended section contain language of like import. Under the old section *scienter*, or knowledge of the accused that the property had been stolen or taken by robbers, was an element of the crime as originally defined, while the legislature by the latter act attempted to eliminate from the statute this feature of the offense. It requires no argument to show that the fourth instruction omitted to state one of the ingredients of the crime, and was accordingly prejudicial to the accused. Under that instruction the jury would have been justified in finding the defendant guilty, even though he had no knowledge that the goods described in the information had been stolen. It is true the record before us discloses that the trial judge, after verdict, but before passing sentence, read to the prisoner said original section 116 and the section as amended, and inquired of him. whether he had anything to say why judgment should not be pronounced. It is obvious the reading of the original section at that time could not cure the error in giving the fourth instruction.

The conclusion reached makes unnecessary an examination or consideration of the other assignments of error. The judgment is reversed and cause remanded for a new trial.

REVERSED AND REMANDED.