GEORGE R. CHITTENDEN, APPELLANT, v. CHARLES W. KIB-
LER, MAYOR, ET AL., APPELLEES.

FILED JANUARY 15, 1917. No. 19725.

1. Statutes: CONSTITUTIONALITY. Chapter 86, Laws 1915, is not invalid
as a violation of section 4, art. III of the Constitution.

2. Municipal Corporations: STREET PAVING: IMPROVEMENT DISTRICTS.
Under section 4916, Rev. St. 1913, as amended by chapter 86, Laws
1915, relating to cities of the first class having 5,000 to 25,000 peo-
ple, the street specified to be paved and the property abutting
thereon constitute the paving district. An ordinance specifying the
street or part of street to be paved sufficiently describes the pro-
posed paving district.

APPEAL from the district court for Buffalo county:
JAMES R. HANNA, JUDGE. *Affirmed.*

*H. M. Sinclair* and *T. F. Hamer,* for appellant.

*Warren Pratt, John P. Breen* and *W. W. Wilson,*
contra.

*Willis E. Reed, Attorney General,* and *C. E. Abbott,*
amici curiæ.

SEDGWICK, J.

This is an application for an injunction to restrain the
mayor and city council of Kearney from ordering the
paving of a street on which plaintiff owns abutting
property; it being alleged that the act authorizing the
formation of the improvement district is unconstitutional.
Laws 1915, ch. 86. From a judgment dismissing the
action, plaintiff has appealed.

Plaintiff contends that the act violates the following
constitutional provision: "After the expiration of twenty
days of the session, no bills nor joint resolutions of
the nature of bills shall be introduced, unless the gover-
nor shall by special message call the attention of the legis-
lature to the necessity of passing a law on the subject-
matter embraced in the message, and the introduction of
bills shall be restricted thereto." Const., art. III, sec. 4.

The record shows that on the 5th day of the session of the legislature which convened in 1915, senate file No. 21 was introduced under the following title: "A bill for an act to amend section. 5110, Revised Statutes of Nebraska for 1913, relating to paving streets and making assessments therefor, to repeal said original section 5110 and all acts and parts of acts in conflict herewith, and to provide for an emergency." On the 32d day of the session the committee on municipal affairs, to which the bill had been referred, recommended that it be indefinitely postponed, and the report was adopted. On the 33d day the bill was recommitted to the standing committee for amendment, and on the 35th day the committee on municipal affairs recommended that the title of the bill be amended by striking out "section 5110" and inserting "section 4916," the body of the bill also being changed. The act was subsequently passed under the following title: "An act to amend section 4916, Revised Statutes of Nebraska for 1913, relating to paving streets and making assessments therefor, to repeal said original section 4916 and all acts and parts of acts in conflict herewith, and to provide for an emergency." Section 5110 related to paving in cities of the second class and villages, while section 4916 related to paving in cities of the first class having more than 5,000 and less than 25,000 inhabitants. Plaintiff contends that the substituted bill is a new bill introduced after the 20th day of the session.

It is not the province of this court to determine the policy or salutary character of legislation. But there are constitutional limitations upon the power of the legislature that must be observed, and the unpleasant duty is at times devolved upon this court to determine that attempted legislation exceeds those limitations. An act of the legislature, however, will not be held invalid unless it plainly violates the fundamental law of the state or nation.

The original title of the act as introduced recited that its purpose was to amend a statute "relating to paving streets and making assessments therefor." This title seems to give notice that it is considered that paving in general is a subject of legislation, and that it will be so treated in the consideration of the act. If the title had recited that the proposed legislation related to paving in cities of the second class and villages, it would be a more specific exclusion of paving in cities of a higher class. There seems to be little ground for different proceedings for paving streets and making assessment therefor in towns of 5,000 inhabitants from those required in towns of less than 5,000. As the act was passed with an emergency clause, it may be presumed that paving has been done in many of the cities affected since this act was approved, and much confusion might follow if this legislation is declared invalid. In *State v. Ryan*, 92 Neb. 636, it was held: "Where a bill has been introduced into the legislature within the time limited by the Constitution for the introduction of bills, amendments which are within the general purpose of the bill may be made after that limit has expired." The legislature evidently considered that the recital in the title of the act that it related "to paving streets and making assessments therefor," without limiting it to any class of towns, made that "the general purpose of the bill." We do not feel required to hold that the legislature was wrong in so regarding it.

The ordinance defined the proposed district as follows: "All that part of Twenty-fourth street commencing on the west side of Ninth avenue running thence west to the tailrace." It is contended that this is an insufficient description of the district, and that property owners would be unable to know whether or not their property lies within the district. The statute for cities of this class, prior to the act of 1915, was section 4916, Rev. St. 1913. It was amended in 1915 (chapter 86) and contains the following provisions: "That unless a

majority of the owners of property abutting on said district shall file written objection to such paving, repaving or macadamizing, the council shall forthwith proceed to construct such paving, repaving or macadamizing." This language shows without uncertainty that the legislative intention was that the street named as the district, together with the property abutting thereon, might constitute the district, and would do so unless otherwise specified in the ordinance. The paving district, therefore, in this case is that part of Twenty-fourth street specified, together with the property abutting thereon.

The judgment of the district court is

AFFIRMED.

ROSE, and CORNISH, JJ., dissent.

HAMER, J., not sitting.

LETTON, J., concurring.

At the argument of this case the writer raised the question whether he was qualified to participate in the decision as to the constitutionality of the act of 1915, on account of the fact that he is the owner of a small piece of property liable to be assessed in paving proceedings pending in another city of the same class. Both parties agreed in open court that, if his vote became necessary to a determination of the case, the writer should sit. One judge is disqualified under the statute by reason of his son being of counsel in the case. Three judges are of the opinion that the act is valid, while two are of the contrary opinion. Since under section 2, art. VI of the Constitution, no decision can be had of the questions presented without the writer participating, it becomes necessary for him to act.

The question whether the amendment is germane to the subject-matter of the act is a very close one, and is by no means free from doubt. It is the duty of courts not to declare a law unconstitutional unless it is clearly so. Every act comes before the court with the presumption of constitutionality, and if there is any doubt it

should be resolved in favor of the validity of the statute.

Undue strictness and literalness of construction ought not to be resorted to in order to defeat the will of the legislature; and, where there is a substantial doubt as to whether the title of an act is sufficiently broad to include an amendment, the act should not be declared invalid for that reason alone.

Since the case was first argued there has been a change in the personnel of the court. It has been considered here by seven judges other than the writer. Four of these believed the statute valid, and three were of opinion that the amendment was not germane. The district court held the statute to be valid. In this state of the case the doubt should be resolved in favor of the validity of the act. I therefore concur in the opinion.