NEBRASKANS FOR INDEPENDENT BANKING, INC., a Non-Profit Corporation, et al., Plaintiffs,

v.

The OMAHA NATIONAL BANK, a National Banking Association, Defendant.

Civ. No. 73-0-424.

United States District Court, D. Nebraska.

Dec. 1, 1976.

**520**

Marvin G. Schmid, D. Nick Caporale, Michael A. Nelsen, Omaha, Neb., for plaintiffs.

Craig W. Thompson, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

Plaintiffs, a group of national and state banks and a trade organization formed to foster independent banking, instituted this action on November 20, 1973, in the District Court of Douglas County, Nebraska, to obtain a declaratory judgment and injunctive relief against the defendant, The Omaha National Bank, for violating state and federal law by allegedly maintaining and operating three banking facilities.[1] Defendant removed this action pursuant to 28 U.S.C. § 1441, to the United States District Court for the District of Nebraska. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 36 (1970), known as the McFadden Act.

On January 13, 1975, subsequent to a full and complete evidentiary hearing, this Court, after making findings of facts and conclusions of law, entered an Order declaring that the walk-in/drive-in facility of The Omaha National Bank at 18th & Douglas Streets, Omaha, Nebraska, is an integrated extension of the main bank and not a branch bank under federal law.

Plaintiffs appealed the decision of this Court to the United States Court of Appeals for the Eighth Circuit. A divided panel of the Eighth Circuit affirmed on August 5, 1975. A petition for rehearing en banc was granted, which vacated the panel opinion. The Court of Appeals en banc found that a state bank situated like The Omaha National Bank would not be permitted to operate the added facility, and ruled that under 12 U.S.C. § 36 the facility was not permitted to operate. *Nebraskans for Independent Banking, Inc. v. Omaha National Bank,* 530 F.2d 755 (8th Cir. 1976). The judgment of this Court was reversed and remanded, with directions to enter a judgment finding that Omaha National Bank is violating applicable federal law by operating three detached banking facilities and ordering that one of these facilities be eliminated. Plaintiffs immediately petitioned the United States Supreme Court for writ of certiorari.

Approximately one month after the Court of Appeals en banc decision, Neb.Rev. Stat. § 8–157(2) (1974) was amended by Legislative Bill 763, approved by the Governor on March 11, 1976. Legislative Bill 763 redefined "auxiliary tellers" facilities which state banks may operate. On June 7, 1976, the Supreme Court of the United States, noting that the amendment "may have a substantial bearing on the outcome of this case," granted the petition for writ of certiorari, vacated the judgment of the Court of Appeals and remanded the case to the Court of Appeals for reconsideration in light of Legislative Bill 763. *The Omaha National Bank v. Nebraskans for Independent Banking, Inc.,* 426 U.S. 310, 96 S.Ct. 2616, 48 L.Ed.2d 658 (1976).

On August 4, 1976, the Eighth Circuit vacated its en banc opinion and remanded the case for further proceedings in light of the Supreme Court's per curiam opinion. *Nebraskans for Independent Banking v. The Omaha National Bank,* 539 F.2d 673 (8 Cir. 1976).

The matter presently before the Court is plaintiffs' motion to declare Legislative Bill

---

1. Nebraska law permitted a state-chartered bank to operate one "attached auxiliary teller office" and not more than two "detached auxil-

iary teller offices." Neb.Rev.Stat. 8–157(2) (1974).

763 (hereinafter LB 763) unconstitutional, invalid and unenforceable as having been enacted in contravention of Article III, Sec. 14 of the Constitution of the State of Nebraska.[2] Article III, Sec. 14, provides in relevant part as follows:

> Every bill and resolution shall be read by title when introduced, and a printed copy thereof provided for the use of each member, and the bill and all amendments thereto shall be printed and read at large before the vote is taken upon its final passage. No such vote upon the final passage of any bill shall be taken, however, until five legislative days after its introduction nor until it has been on file for final reading and passage for at least one legislative day. No bill shall contain more than one subject, and the same shall be clearly expressed in the title.

Plaintiffs contend that the passage of LB 763 violated the requirement that no bill shall be passed until five legislative days after its introduction, and request a mandatory injunction requiring Omaha National to eliminate one of its facilities.

LB 763 was first introduced on the floor of the Legislature on January 14, 1976. The bill as introduced related only to the ability of the state chartered building and loan associations to have the same powers as federally chartered savings and loan associations.[3]

A public hearing was held on January 27, 1976, before the Banking, Commerce and Insurance Committee. The bill was then placed on general file on February 3, 1976, with a proposed amendment which would have delegated to the Director of Banking the power to make rules granting state building and loan associations the same power as federal savings and loan associations. The Legislature rejected this amendment on February 26, 1976.

On March 1, 1976, the bill was placed on select file with an amendment relating to commercial branch banking. On the next day, the amendment was adopted and the bill was advanced for engrossment. The bill, as amended, was then expedited and adopted March 4, 1976. [Exhibit 2].

When LB 763 was initially introduced, the title read as follows:

> A bill for an act to amend Sec. 8–355, Revised Statute Supplement, 1975, relating to building and loan associations; to provide the same advantages as federal savings and loan associations; and to repeal the original section.

As finally passed with the amendment of March 2, 1976, the title of the bill read as follows:

> A bill for an act relating to financial institutions; to provide what shall constitute an attached auxiliary teller office; to provide rights, powers, privileges, benefits, and immunities of state building and loan associations; to amend Sections 8–157 and 8–355, Revised Statutes Supplement 1975; and to repeal the original sections.[4]

## CONCLUSIONS OF LAW

 Although the Court has pendent jurisdiction over the state question present-

---

2. Plaintiffs have also alleged that LB 763 violates Article III, Sections 3 and 18 of the Nebraska Constitution. These allegations were not briefed and the Court deems them abandoned. *See* Rule 20, Rules of Practice of the United States District Court for the District of Nebraska.

3. LB 763, as originally introduced, read as follows:

 Section 1. That section 8–355, Revised Statutes Supplement, 1975, be amended to read as follows:

 8–355. Notwithstanding any of the provisions of Chapter 8, article 3, or any other Nebraska statute, any association incorporat-

 ed under the laws of the State of Nebraska and organized under the provisions of such article shall have all the rights, powers, privileges, benefits, and immunities which may be exercised as of the effective date of this act by a federal savings and loan association doing business in Nebraska; *Provided,* that such rights, powers, privileges, benefits and immunities shall not relieve such association from payment of state taxes assessed under any applicable laws of this state.

 Sec. 2. That original section 8–355, Revised Statutes Supplement, 1975, is repealed.

4. Section 1 of LB 763 relates to branch banking. *See* Neb.Rev.Stat. § 8–157 (Supp.1975).

ed, *United Mineworkers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), defendant initially requests the court to abstain. "The mere fact that the district Court, in the exercise of the jurisdiction which Congress has conferred upon it, is required to interpret state law is not in itself a sufficient reason for withholding relief to [plaintiff]." *Markham v. Allen,* 326 U.S. 490, 495, 66 S.Ct. 296, 299, 90 L.Ed. 256 (1946) (citations omitted). In *Railway Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), relied upon by defendant, the Supreme Court ordered abstention because "a federal court of equity is asked to decide an issue by making a tentative answer which may be displaced tomorrow by a state adjudication." *Id.* at 500, 61 S.Ct. at 645. (Citations omitted). *Pullman* -type abstention is not appropriate where it is clear that the state statute is unconstitutional no matter how it may be construed by the state courts. *See Harman v. Forssenius,* 380 U.S. 528, 534–535, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965); 1 Barron & Holtzoff, *Federal Practice & Procedure,* § 64, n. 59. An analysis of applicable Nebraska case law leaves no doubt that LB 763 is invalid.

Article 3, Sec. 14 of the Nebraska Constitution was formerly Article 3, Sec. 11. In *State v. Tibbets,* 52 Neb. 228, 71 N.W. 990 (1897), the Nebraska Supreme Court held as follows:

> It is well settled that under the title to a bill to amend an existing act, or a section thereof, no amendment is permissible which is not germane to the subject of the original legislation. *Miller v. Hurford,* 11 Neb. 377, 9 N.W. 477; *State v. Pierce County,* 10 Neb. 476, 6 N.W. 763; *Trumble v. Trumble,* 37 Neb. 340, 55 N.W. 869. In *Miller v. Hurford, supra,* this court said that "an amendment must be germane to the subject-matter of the act or section to be amended. Our constitutional provision that 'no bill shall contain more than one subject which shall be clearly expressed in its title,' is but making inviolable the rule, governing the legislative bodies, that 'no proposition or subject different from that under consid-

eration shall be admitted under color of amendment.' * * * But if, under the pretext of amending a section, a subject entirely foreign to the subject-matter of the section to be amended can be introduced, this barrier shall be entirely broken down, and the constitutional guaranty in effect destroyed."

. . . . .

Under the authorities, the following propositions governing the enactment of laws are embraced in section 11 of article 3 of the constitution: First. A plurality of subjects is prohibited. Second. The title of an act must fairly express the subject of legislation. Third. Matters can only be included in an amendatory bill which are germane to the original act. Fourth. An act not complete in itself, but which is clearly amendatory in its character and scope, must set forth the section or sections as amended, and repeal the original section or sections. *Ryan v. State,* 5 Neb. 276; *Smails v. White,* 4 Neb. 353; *Sovereign v. State,* 7 Neb. 409; *Lancaster Co. v. Hoagland,* 8 Neb. 38; *City of South Omaha v. Taxpayers' League,* 42 Neb. 671, 60 N.W. 957; *State v. Cobb,* 44 Neb. 434, 62 N.W. 867.

71 N.W. at 992–993.

"Where a bill has been introduced into the Legislature within the time limited by the Constitution for the introduction of bills, amendments which are within the general purpose of the bill may be made after that limit has expired." *Chittenden v. Kibler,* 100 Neb. 756, 161 N.W. 272 (1917).

It must be conceded that "whatever might have been originally made a part of that law may at any time be ingrafted upon it by legislation professing to be amendatory." *Richards v. State,* 65 Neb. 808, 91 N.W. 878, 879. The test of the propriety of the substance of amendments is whether they are germane to the provisions sought to be amended. "Germane" is defined by Webster's New International Dictionary as "Near akin; closely allied; appropriate; relevant." By Corpus Juris, as "Alike; closely allied;

pertaining to; related to." 28 C.J. 614. The latter definition has been, in part at least, approved by this court. *State v. Majors,* 85 Neb. 375, 379, 123 N.W. 429. *Wayne County v. Steele,* 121 Neb. 438, 237 N.W. 288, 290 (1931).

The issue is whether the introduction of Section 1 to LB 763 relating to commercial banking is germane to the original bill concerning building and loan associations. The Court must begin with the proposition that all legislation is presumed constitutional unless the contrary is clearly shown. However, there exist limitations, both state and federal, upon the power of state legislatures and it is the duty of courts to determine if the legislature has exceeded its powers. The original title of the act as introduced recited that its purpose was "relating to building and loan associations. . . ." As the act was passed, it recited that its purpose was "relating to financial institutions; to provide what shall constitute an attached auxiliary teller office . . .." The Nebraska Legislature, under the pretext of amending LB 763, introduced a distinct subject matter to the bill violating the constitutional provision that "[n]o such vote upon the final passage of any bill shall be taken, however, until five legislative days after its introduction . . ." Neb.Const., Art. III, Sec. 14. The legislature also usurped the purpose of the constitutional provision that "[n]o bill shall contain more than one subject, and the same shall be clearly expressed in the title." *Id.* The title must not be subject to any alteration that will affect any substantial change in it. A title fixes the identity of a bill and if it is substantially changed it becomes a new bill which must be before the legislature for five legislative days before a vote is taken. It is obvious that the amendment relating to commercial branch banking is not germane to the bill concerning powers of savings and loan associations and the amendment did not fall within the scope of the title of the original bill. The title was changed in order for the new subject to harmonize with the title. The title was new and so was the amended bill.

Defendant has offered affidavits reflecting that newspapers of general circulation printed articles from March 1 through March 12, 1976, concerning the amendment to LB 763. This "public notice" has no bearing upon the constitutional provision at issue.

Additional affidavits attest that the introduction, consideration, amendment, enactment and passage of LB 763 was in accordance with the usual customs and practices of the Nebraska Legislature. The statements contained in the affidavits are irrelevant since constitutional requirements cannot be waived by customs and practice of the Nebraska Legislature.

The Court must also reject defendant's argument that acceptance of plaintiff's position would "cripple the Legislature." The determination of the compliance with the requirement that legislation must not contain more than one subject lies initially within the province of the Legislature and should not be overturned, absent clear abuse of legislative discretion. Insofar as LB 763 deals with financial institutions, the Court does not differ with the Legislature's determination that the bill contained only one subject matter. The Court holds only that the Amendment was not germane to the original bill and was not before the Legislature for five legislative days as required by the Nebraska Constitution.

A declaratory judgment shall be entered in accordance with this Memorandum.

The foregoing shall consist of findings of fact and conclusions of law in accordance with Rule 52, Fed.R.Civ.P.