REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of May 22, 1981, concerning the constitutionality of LB 472A, as presently amended, under Article III, section 14 of the Nebraska Constitution. The relevant portion of this section provides that: `No such vote upon the final passage of any bill shall be taken, however, until five legislative days after its introduction nor until it has been on file for final reading and passage for at least one legislative day.'
LB 472A as originally introduced was `an act to appropriate funds to aid in carrying out the provisions of Legislative Bill 472. . . .' LB 472 in turn provided for the continued authority to purchase liability insurance for members of the State Board of Education, the Commissioner of Education, and employee of the State Department of Education, by amending Neb.Rev.Stat. § 79-329.01 (Supp. 1980). On May 22, 1981, the eighty-sixth day of the current legislative session, LB 472A was amended, by striking the original section and inserting five new sections. In addition the title was stricken and changed as follows: `[A]n act to amend sections 79-1233 and 79-1701, Reissue Revised Statutes of Nebraska, 1943, relating to schools; to provide an exemption from certain requirements; to provide duties; to provide for termination; and to repeal the original sections.' The statutes to be amended deal with mandatory requirements for schools in Nebraska. The only similarity remaining between LB 472A, as currently amended, and as originally drafted is the designation LB 472A.
The Nebraska Supreme Court in dealing with substantial amendments to legislative bills and the constitutional time requirements for their introduction has stated that, `Our court has held that a substitute bill which is germane to the original is not a new bill.' State ex rel. Davis v.Cox, 105 Neb. 75, 81, 178 N.W. 913 (1920), and that, `When a bill has been introduced in the legislature within the time limited by the Constitution for the introduction of bills, amendments that are germane to the subject matter of such bill may be made after such time limit has expired.'Pierson v. Faulkner, 134 Neb. 865, 872, 279 N.W. 813
(1938). See also, Chittenden v. Kibler, 100 Neb. 756,161 N.W. 272 (1917). Likewise in State v. Ryan, 92 Neb. 636,644, 645, 139 N.W. 235 (1912), the court noted that, `The legislature has full control over the passage of bills, and may amend the same and the title to the same at any time permitted by its rules during their progress through the legislature. If the amendment is germane to the subject of the original bill, and not an evident attempt to evade the constitution, the fact that the time limit for new bills has expired is immaterial.' The obvious implication of these rulings is that where new legislation is substituted for an original bill by way of amendment, and that legislation bears no relationship to the original bill, it will be recognized for what it really is, and the constitutional time restrictions for the introduction of new legislation will be applied to it. This was in essence the reasoning of the court in Nebraskans for Independent Banking, Inc. v. TheOmaha National Bank, 423 F. Supp. 519 (D.Neb. 1976), where `The Court holds only that the Amendment was not germane to the original bill and was not before the Legislature for five legislative days as required by the Nebraska Constitution.'
LB 472A, as it is presently amended, can hardly be said to be germane to the original form of that bill. In the first place it is not an appropriations bill, and secondly deals with entirely different subject matter, based upon completely different statutory references. In reality, despite the label of LB 472A, what we have here is an entirely new legislative bill. In light of the above decisions and the obvious nature of LB 472A, as presently amended, it is our opinion that any attempt to pass this legislation, considering of course that there were only four legislative days remaining after the introduction of this `amendment', would be in violation of the five day requirement concerning the introduction of new legislation contained in ArticleIII, section 14 of the Nebraska Constitution.
We do not, however, agree with the suggestion that LB 472A, as amended, violates the constitutional restriction which prohibits any bill from containing more than one subject, also found in Article III, section 14 of the Nebraska Constitution. While LB 472A, as amended, is entirely different than its original form, the amended version essentially deals with only one subject.
Very truly yours, PAUL L. DOUGLAS Attorney General John Boehm Assistant Attorney General