Campbell v. Crone.

---

ALBERT H. CAMPBELL, PLAINTIFF IN ERROR, v. THOMAS B. CRONE, DEFENDANT IN ERROR.

10 571
56 161

1. **Error:** PARTY CAUSING IT CANNOT COMPLAIN. The party moving an erroneous order, as the dismissal of an action, has no right to complain of it, nor of the consequences necessarily resulting therefrom. Thus, the defendant having appeared specially and moved the court to dismiss the action for want of jurisdiction, which was done, he has no right to complain that the court afterwards refused to hear him, in that action, as to his right to the property replevied, or on the question of his damages.

2. ————: PARTY INTRODUCING ERRONEOUS EVIDENCE BOUND BY WHAT IT PROVES. Where affidavits filed in another case are erroneously admitted in evidence the party introducing them is bound by the material facts which they establish.

THIS was an action of replevin brought in the county court of York county by Crone against Campbell, deputy sheriff, who had possession of the property by virtue of an order of attachment issued in a suit wherein one Strickler was plaintiff and said Crone was defendant. Crone claimed that the property was exempt from execution and attachment under the laws of this state. Campbell, by a special appearance, "appearing for the purpose of this motion only and for no other purpose," moved to dismiss the cause for want of jurisdiction, which motion being sustained, Campbell moved for a judgment for damages. This motion the court overruled, and Campbell took the cause on error to the district court, where the order of the county court was reversed, the cause retained for trial, trial had before Post, J., finding and judgment for Crone, and Campbell came here upon a petition in error.

*France & Sedgwick*, for plaintiff in error.

*Scott & Giffen*, for defendant in error.

LAKE, J.

As this case now stands, several of the matters discussed by counsel are not involved in the real questions raised by the petition in error, wherein the only complaint is, although expressed in three different forms, that the finding and judgment of the district court are against the weight of evidence and the law of the case. For instance, the dismissal of the action by the county court for want of jurisdiction, although doubtless erroneous, was not objected to by Crone, who alone had the right to complain of it. Campbell certainly had no right to complain of an order which he had moved, nor of the consequences naturally and necessarily re-

sulting therefrom, one of which was, as correctly held
by the county judge, that if the court was without ju-
risdiction as claimed by the motion to dismiss, and as
the court had held by granting the motion, it was with-
out authority to entertain the question of the right of
property or of damages.    This left the parties precisely
as if the action of replevin had not been commenced,
and Campbell had voluntarily returned the property
to Crone.

.But the district court, on petition in error by Camp-
bell, reversed the judgment of dismissal and retained
the case for trial.    Although clearly erroneous, this
ruling was submitted to by Crone, who, on the trial in
that court, was found to be entitled to hold the prop-
erty, and Campbell was defeated.    Thus we see that
the several principal rulings of both tribunals preced-
ing the final judgment in the district court were favor-
able to the plaintiff in error, or at least conformable to
his requests, and that although errors were committed,
the only party that could rightfully have complained
has not done so.

On final trial in the district court, Crone offered no
testimony, but submitted the case to the decision of
the judge without a jury on that produced by Camp-
bell.    The finding and judgment, however, were clearly
right, it being conclusively shown that the property
in question was wholly exempt from seizure on attach-
ment, and wrongfully held by Campbell when taken
from him by the order of replevin.    This showing was
made, it is true, somewhat irregularly and against the
protest of Crone, it being by a transcript of certain
affidavits filed in the attachment case to obtain a re-
lease of the property on the ground of its being ex-
empt from forced sale.    But Campbell, at least, is
bound by his own proofs.    These affidavits seem, very
strangely, to have been entirely ignored by the justice,

although they establish beyond the shadow of a doubt that Crone was entitled to hold the property under our exemption laws, and even a great deal more had he been so fortunate as to have possessed it.

There is no error in the record of which the plaintiff in error can rightfully complain, and the judgment of the district court is affirmed.

AFFIRMED.