HERMAN AHLMAN, PLAINTIFF IN ERROR, V. MEYER & SCHURMAN, DEFENDANTS IN ERROR.

1.  Replevin:  NON-SUIT IMPROPER.   In an action of replevin the trial court should in no case grant a non-suit, but in case of the plaintiffs failing to prove his cause of action the court should retain the cause for the purpose of taking the proper proofs and rendering the appropriate judgment.
2.  Instructions to the jury examined, and *Held*, Rightly given and refused.

ERROR to the district court of Pierce county.   Tried below before TIFFANY, J.

*Brome & Durland*, for plaintiff in error.

*W. L. Henderson*, *Fred. J. Fox*, and *E. F. Gray*, for defendants in error.

COBB, J.

It appears that on the 11th day of June, 1883, one Henry Poggensee was engaged in mercantile business at Plainview, Pierce county, and was indebted to sundry persons and firms.   Among them, and doubtless his largest creditor, was the firm of Meyer & Schurman, the defendants in error.   On that day the said Poggensee executed and delivered to Meyer & Schurman a chattel mortgage,

in and by which he granted to them his entire stock of merchandise to secure his indebteness to them, amounting to seven hundred and forty-eight dollars and seventy-five cents.    The mortgage is in the usual form, and authorizes the mortgagees in case the note therein described as falling due June 11th, 1883, is not paid at maturity or in case of the mortgagor attempting to dispose of or remove any of said goods from the county of Pierce, or if at any time the said mortgagees should feel unsafe or insecure, then and in that case to take immediate possession of said goods and chattels and sell the same, etc.    It also appears that on the same day the mortgagees caused the said mortgage to be recorded, and applied to the mortgagor and demanded and took possession of the said goods and proceeded to invoice them.    It further appears that on the 26th day of the same month the defendant in error, who was sheriff of Pierce county, seized and took the said goods from the possession of the mortgagees by virtue of an order of attachment then in his hands against the property of Henry Poggensee and in favor of Jandt & Tomkins.

The said Meyer & Schurman then brought their action in replevin in the district court of Pierce county against the said sheriff and replevied the said goods.    The said sheriff defendant appeared and plead to said action, a trial was had to a jury, which found a verdict for the plaintiffs for the possession of the goods, and damages to the amount of ten dollars.    A motion for a new trial being overruled and judgment rendered for the plaintiffs, defendant brings the cause to this court on error.

Plaintiff in error assigns for error the overruling by the court of the motion of the defendant for a non-suit; the giving of paragraphs Nos. 5, 6, and 7 of instructions given by the court on its own motion; the giving of paragraph No. 1 of instructions given by the court at the request of the plaintiffs; and the refusal to give paragraph No. 1 of the instructions prayed by the defendant.

As to the first point, in an action of replevin both parties are said to be actors and equally interested in the court's maintaining jurisdiction of the case and disposing of it on its merits. I know of no case which would justify a court in granting a non-suit in an action of replevin.

The instructions, the giving of which is assigned as error, are as follows:

"5. You are instructed that if you find from the evidence that at the time of the levy of the attachment the plaintiffs were in possession of the property by virtue of the mortgage in evidence, that would be *prima facie* evidence of ownership, and would entitle them to a verdict unless the defendant has shown by a preponderance of evidence that the mortgage was fraudulent and void.

"6. The real question for you to determine is, whether or not the mortgage was made in fraud, if it was then your verdict should be for the defendant. If not, you should find for the plaintiffs. And this is a question of fact for you to decide from the evidence, consisting of all the facts and circumstances shown to have surrounded the parties at the time of the making of the mortgage and the taking possession thereunder.

"7. You are instructed that a chattel mortgage containing a condition that the mortgagor shall remain in possession thereof and continue to sell the same in the ordinary course of business is void as to other purchasers in good faith and subsequent creditors of the mortgagor. But when the mortgage contains no such conditions the presumption of good faith attaches when the mortgagee is in possession, and the burden of proving fraud is upon him who alleges it."

"1. (Given at the request of plaintiffs). The court instructs the jury that in this case the burden of proving property, so far as the right of property is concerned, is upon the plaintiff, and if possession of the property has been shown by the evidence to have been with the plain-

tiffs at the time it is alleged to have been levied upon by the defendant, then such possession is *prima facie* of title to the said plaintiffs.

"2.    The court further instructs the jury that fraud is never presumed, but must be clearly proven to entitle a party to relief on the ground that it has been fraudulent, and the presumption of law is, that business transactions of every man are done in good faith, and for an honest purpose, and any one who alleges that such acts are done in bad faith or for a dishonest purpose takes upon himself the burden of showing by specific acts and circumstances, tending to prove fraud, that such acts were done in bad faith."

The following instruction was prayed by the defendant, but refused by the court:

"If you find from the evidence that the chattel mortgage given Meyer & Schurman by Henry Poggensee, and introduced in evidence in this case, was given with the understanding that Poggensee was to remain in possession of the goods in controversy, and continue to sell the same in the usual course of trade, then, under the law, said mortgage was void, and conveyed no title to plaintiffs, and your verdict will be for the defendant."

The chattel mortgage having been placed in evidence, shows for itself. It is in the usual and approved form and contains no provision for the mortgagor going on and selling the mortgaged property in the course of trade, or otherwise, but on the contrary contains a stipulation against the disposal of the whole or any part thereof. From the deposition of Mr. Poggensee it appears that he "gave the mortgage upon the agreement that they," Meyer & Schurman, would not bother him or trouble him, but to allow him to sell right along, and pay up as fast as he could. But that as soon as they got the mortgage, and got it recorded, they demanded possession of the goods; that after some hesitation and objection on his part, he gave them up.

This deposition of Henry Poggensee was taken upon notice in the state of Iowa. No counsel appeared for either party at the taking, nor were interrogatories submitted to the witness. His attention seems to have been chiefly directed to a justification of his own conduct, and excusing himself for not having kept faith with a creditor who held an unrecorded mortgage against him, as well as to throw the blame of his failure upon other parties. He does not say, although possibly that inference might be drawn from his language, that the agent of Meyer & Schurman made any agreement with him other than that expressed in the mortgage. He may have meant by his statement in his deposition to give his construction of the language of the mortgage, the only agreement beside that expressed in his note which he is anywhere shown to have entered into with Meyer & Schurman. If anything else, he must have intended to refer to such discussion as was probably carried on between him and the agent before his agreement to give the mortgage, and which he may have supposed was expressed in its terms. If there was an agreement between Poggensee on the one part, and Meyer & Schurman on the other part, entered into through their agent, or otherwise, other than that expressed on the face of the chattel mortgage, and it is sought to attack said mortgage through such agreement, its terms must have been presented to the court and jury on the trial to be made available either there or here. This, even if it be conceded, which I think altogether doubtful, that a chattel mortgage can be attacked collaterally through an agreement of whatever character between the mortgagor and mortgagee, prior to or contemporaneous with the execution of the mortgage.

Again, in the case of *Gregory v. Whedon*, 8 Neb., 373, it was held that "a chattel mortgage of a stock of goods in a store, with power to the mortgagor to sell in the ordinary course of trade, although fraudulent and void as to creditors and subsequent purchasers in good faith, is valid

between the parties to it." To apply that law to the case at bar. If it be conceded that in consequence of the agreement indefinitely referred to by Mr. Poggensee in his deposition, the chattel mortgage was void, or, as I think, more properly speaking, voidable, as between Poggensee and his creditors, though its execution constituted ground for attachment against him, yet as between him and Meyer & Schurman it was good. It thus being good they enforced it against him, and by virtue of it took the actual possession of the property. It being a good chattel mortgage between the parties, the title to the property passed to the mortgagee upon its execution and delivery. Now then, when the lawful possession of the property also passed to them and became associated in the same person with the right of property, did anything remain in Poggensee to be reached by his creditors? I think not.

*Prima facie* Meyer & Schurman do not have to rely upon their chattel mortgage to defend this action, but upon their possession, lawfully acquired. And if it becomes necessary to take a step further, they can show a deed (chattel mortgage) of the title, unincumbered by the claim of any other person.

These considerations lead me to the conclusion that the instructions were properly given and refused.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.