## R. S. HOBBS v. C. G. HUNT.

[FILED MAY 18, 1892.]

**Review**: AFFIDAVITS used at the hearing of motion to dissolve an attachment must be preserved by a bill of exceptions, in order to be available in the supreme court.

ERROR to the district court for Douglas county.   Tried below before CLARKSON, J.

*Schomp & Corson*, for plaintiff in error.

*B. G. Burbank, contra.*

NORVAL, J.

Plaintiff brought suit in the district court on an account for goods sold and delivered to the defendant.   Plaintiff also filed an affidavit for attachment, alleging as grounds therefor that the defendant has property or rights in action which he conceals, and that the defendant has assigned, removed, or disposed of his property, or a part thereof, with intent to defraud his creditors.   The statutory undertaking was given by the plaintiff, and an order of attachment was issued, which was levied upon real and personal property.   Subsequently defendant moved the court to dissolve the attachment for the reason that the grounds of said attachment were false and untrue.   The motion was sustained by the court, and the attachment discharged.   To reverse said ruling, plaintiff brings error.

The transcript prepared for this court contains copies of numerous affidavits filed in the court below, a copy of a deed of assignment, purporting to have been made by the defendant prior to the attachment, of all his property not exempt by law, to John F. Boyd, sheriff, for the benefit of all of the creditors of the assignor, and also a copy of

45

certain portions of the book of original entries kept by the defendant. Whether these papers, or any of them, were used on the hearing of the motion to dissolve the attachment, the record does not disclose. They were not preserved by a bill of exceptions and, therefore, they cannot be considered. It has been held in numerous decisions in this state that affidavits or other papers used as evidence in support of, or in opposition to, any proceeding in the trial court, must be embodied in a bill of exceptions, in order to be available in the supreme court. (*Ray v. Mason,* 6 Neb., 101; *Aultman v. Howe,* 10 Id., 10; *Oliver v. Sheeley,* 11 Id., 521; *Dorrington v. Minnick,* 15 Id., 397; *Olds Wagon Co. v. Benedict,* 25 Id., 372; *McCarn v. Cooley,* 30 Id., 552.)

There being no bill of exceptions in the case at bar, it will be presumed that the ruling of the court is sustained by the evidence. Error is never presumed, but must affirmatively appear. The order of the district court dissolving the attachment is

AFFIRMED.

THE other judges concur.