JAMES L. RODGERS ET AL. V. MOSES H. LEVY.

FILED APRIL 11, 1893.    No. 4668.

1. **Res Adjudicata.** One A brought an action of replevin against B, which was dismissed because A had not legal capacity to sue. *Held*, That the judgment of dismissal for the cause stated did not bar a future action for the same property.

2. ———. Where a cause is dismissed because the plaintiff has not legal capacity to sue, and the defendant thereupon has a jury impaneled to try the right of property which is awarded to him, he thereby cannot bar the plaintiff from maintaining a second action of replevin for the same goods.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*Bowen & Bowen,* for plaintiffs in error.

*Capps & Stevens, contra.*

MAXWELL, CH. J.

This is an action of replevin brought by Levy against Rodgers before J. E. Pierce, a justice of the peace. A change of venue was then applied for under the statute and the cause transferred to Geo. Lynn, a justice of the

peace. A transcript in the case from his docket is as follows:

"October 19, 1889. Come now the parties in this action, plaintiff and defendants in person, and by their attorneys. Defendants file their motion to dismiss said action for the reason that plaintiff has not legal capacity to sue. Motion sustained, with leave to plaintiff to amend by interlineation. To which defendants object. Defense thereupon demand a jury to determine the right of property in action commenced was in the defendants, and we assess the value of said property in the sum of $160. We also assess the damages sustained by said defendants by reason of the detention of the said property at the sum of $6.

. :                    .    "DANIEL C. BROWN, *Foreman.*

"It is thereupon considered by me that aforesaid defendants have a return of the property taken on said writ of replevin, and that they recover their damages for the withholding of the same assessed at $6, or in case a return of said property cannot be had, that they recover of said plaintiff, Moses H. Levy, the value thereof, assessed at $160, and costs of suit, taxed at $17.40.

"GEO. LYNN, *Justice Peace.*"

Levy thereupon brought a second action of replevin for the same property before a justice of the peace, and it was dismissed because the justice seems to have supposed he had no jurisdiction. The case was appealed to the district court, where Rodgers, in answer to the petition of Levy, filed a general denial. On the trial of the cause a jury was waived and the cause submitted to the court, which rendered judgment as follows:

"On this 7th day of June, 1890, this cause comes on to be heard, and by stipulation of parties in open court a jury is waived, and by agreement made as aforesaid cause is tried to the court on the petition, answer, and reply, and the evidence, and the same being submitted to the court, said court finds that at the commencement of this action the

plaintiff had a special ownership in the property described in the petition herein, to-wit: 1 black mare about 10 years old, 1 bay horse colt, 1 bay mare about 4 years old. The court further finds that said special ownership is had by virtue of a chattel mortgage given by the defendants herein to A. Loeb, or order, to secure two certain promissory notes of the said defendants herein payable to said A. Loeb, which amounts, principal and interest, to $89; the court further finds that after the maturity of said notes the defendants herein refused to deliver to plaintiff herein the property described in said mortgage in accordance with the conditions thereof. The court further finds that at the commencement of this action the plaintiff, by virtue of his special ownership, was entitled to the immediate possession of the same, and that the defendants wrongfully and unlawfully detained said property from the possession of this plaintiff. The court further finds that the plaintiff has been damaged by the wrongful detention of said property in the sum of one cent. It is therefore considered and adjudged by the court that the plaintiff recover from the defendants one cent as damages for the wrongful detention of the said property, also his costs herein expended taxed at $———."

The sole question presented to this court is, does the judgment of dismissal by the justice of the peace in the first action bar a recovery in this? It will be observed that the cause was dismissed for want of legal capacity of Levy to sue. This is not a judgment upon the merits but merely in abatement of that action. Thus, an answer that the plaintiff was *non compos mentis* presents matter in abatement only. (*Jetton v. Smead,* 29 Ark., 372; Cobbey, Replevin, sec. 773.) A judgment of nonsuit does not bar the plaintiff from another action for the same cause. (*Hackett v. Bonnell,* 16 Wis., 471; *Westcott v. Bock,* 2 Col., 335; *Daggett v. Robins,* 2 Blackf. [Ind.], 415; Wells, Replevin, sec. 781; Cobbey, Replevin, sec. 1191.) The action being dismissed as to Levy because of his want of legal capacity

to sue left the right to the property undetermined, and the fact that a jury was called after the cause was dismissed as to Levy did not operate as a bar to a future action. The judgment is therefore

AFFIRMED.

THE other judges concur.