STATE OF NEBRASKA, EX REL. HIRAM SAVAGE ET AL., V.
CHARLES B. LETTON, JUDGE.

FILED SEPTEMBER 23, 1898.   No. 9958.

Replevin: DISMISSAL: RIGHTS OF DEFENDANT: JURY TRIAL. In an
action of replevin wherein the property has been .taken under
the writ and delivered to the plaintiff, if the defendant on motion
for such purpose secures a declaration of the non-jurisdiction
of the court over the subject-matter of the suit and a dismissal
thereof for that reason, he is not entitled by virtue of the pro-
visions of sections 190 or 1041 of the Code of Civil Procedure or
otherwise to have a jury impaneled, to inquire of his rights of
property and possession. SULLIVAN, J., and RAGAN, C., dissenting.

ORIGINAL application for mandamus.   The facts are
stated in the opinion.   *Writ denied.*

*F. B. Sheldon* and *E. O. Kretsinger*, for relators.

References: *State. v. Hunter*, 27 Pac. Rep. [Wash.]
1076; *Whalcy v. King*, 28 Pac. Rep. [Cal.] 579; *State v.
McClinton*, 48 Pac. Rep. [Wash.] 740; *State v. Engle*, 127
Ind. 457; *Ex parte Charleston*, 18 So. Rep. [Ala.] 224;
*Brown v. Mesnard Mining Co.*, 63 N. W. Rep. [Mich.] 1000;
*People v. Swift*, 59 Mich. 529; *Illinois C. R. Co. v. People*,
143 Ill. 434; *State v. Scott*, 53 Neb. 571; *Garber v. Palmer*,
47 Neb. 699; *Bolin v. Fines*, 51 Neb. 650; *Bartels v. Son-
nenschein*, 54 Neb. 68; *State v. Tarpen*, 1 N. E. Rep. [O.]
215; *State v. Home Street R. Co.*, 43 Neb. 830; *State v.
Merrell*, 43 Neb. 575; *State v. Holmes*, 38 Neb. 355; *State v.
Laflin*, 40 Neb. 442; *State v. Thiele*, 19 Neb. 220; *O'Chander
v. State*, 46 Neb. 10; *State v. Beall*, 48 Neb. 817; *City of
Emporia v. Randolph*, 56 Kan. 117; *State v. Parker*, 12
Wash. 685; *Shedenhelm v. Shedenhelm*, 21 Neb. 387; *Grimes
v. Chamberlain*, 27 Neb. 605.

*George A. Murphy*, contra.

References: *Williams v. Bruffy*, 102 U. S. 249; *Smith
v. Western Union Telegraph Co.*, 83 Ky. 271; *Draper. v.

*Davis,* 102 U. S. 371; *State Bank v. Green,* 8 Neb. 297; *Kountze v. Erck,* 45 Neb. 288; *State v. Churchill,* 37 Neb. 702; *People v. McRoberts,* 100 Ill. 458; *Ives v. Muskegon Circuit Judge,* 40 Mich. 63; *Ex parte Perry,* 102 U. S. 183; *Ex parte Whitney,* 13 Pet. [U. S.] 404; *People v. Dutchess,* 20 Wend. [N. Y.] 658; *McGee v. State,* 32 Neb. 154; *State v. Kinkaid,* 23 Neb. 641; *State v. Powell,* 10 Neb. 48; *State v. Bowman,* 45 Neb. 752; *State v. Holliday,* 35 Neb. 333.

HARRISON, C. J.

In an action of replevin, commenced in the county court of Gage county, the property was taken under the writ and delivered to the plaintiff. Issues were joined, a trial had, and judgment rendered, from which an appeal was perfected to the district court; and during the course of the proceedings in the appellate court a motion was presented for defendants that the writ be quashed, the action dismissed, and a jury impaneled to inquire of defendants' right of property, possession, and damages, on the ground that the petition and affidavit filed in the court where the suit was instituted were insufficient and fatally defective in statements. The motion was sustained, the judgment of dismissal rendered, and the requested order made. The plaintiff prosecuted error proceedings to this court and filed a supersedeas bond. The district court refused the defendants further proceedings in that tribunal during the pendency of the error proceedings in the cause in this court. The defendants instituted this action in this court to obtain the issuance of a writ of mandamus to the judge of the district court by which he should be ordered to further hear the defendants in the replevin suit. To the petition in the case at bar the respondent filed a general demurrer and the issue thus made has been argued and submitted.

The point to which we deem it best to direct attention, and on which to base the decision herein, is in relation to the right of defendants to further proceed in the action of replevin after they had succeeded on their motion

and secured a dismissal of the plaintiff's suit for the reason, as given by the court, of a lack of jurisdiction in the court of inception, also of the appellate court. In a quotation in the petition from the journal entry of the action of the district court, when it passed on the motion, there appears the statement: "The county judge had no jurisdiction to issue the writ in this action and this court acquired no jurisdiction by the appeal." This was followed by the recital of the judgment quashing the writ of replevin, the dismissal of plaintiff's suit, and the order of inquiry of the rights of defendants. It is provided in section 1041 of the Code of Civil Procedure, in relation to an action of replevin before justices of the peace, as follows: "If the property has been delivered to the plaintiff, and judgment be rendered against him, or if he otherwise fail to prosecute his action to final judgment, the justice shall, on application of the defendant, or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken;" and in section 190 of the Code, applicable to replevin cases, as follows: "If the property has been delivered to the plaintiff, and judgment be rendered against him on demurrer, or if he otherwise fail to prosecute his action to final judgment, the court shall, on application of the defendant or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken." We quote from both sections for the reason that it does not appear, in the petition herein, whether the replevin action was one within the jurisdiction of the county judge acting as a justice of the peace, or was a term case and within the jurisdiction of the county court proper. A careful consideration of the question involved convinces us that under the provisions of these sections whenever judgment goes against the plaintiff in a replevin action in which the court has acquired and retains jurisdiction of the subject-matter, the defendant shall have the inquiry; but where the court has apparent jurisdiction and

its want or lack thereof in reality is laid bare or declared on motion of defendant, as it has no existence, it cannot be invoked by the defendant or exercised for and in any inquiry for him or adjudication of his rights. A court may always act in a cause to ascertain its jurisdiction or lack thereof, but when the latter is determined it will proceed no further than to divest itself of the appearance of that which does not exist. In the decision in the case of *Campbell v. Crone*, 10 Neb. 571, wherein a similar question to the one herein was discussed, it was said by Lake, J., for the court: "Campbell certainly had no right to complain of an order which he had moved, nor of the consequences naturally and necessarily resulting therefrom, one of which was, as correctly held by the county judge, that if the court was without jurisdiction as claimed by the motion to dismiss, and as the court had held by granting the motion, it was without authority to entertain the question of the right of property or of damages;" and in the syllabus it was stated: "The defendant having appeared specially and moved the court to dismiss the action for want of jurisdiction, which was done, he has no right to complain that the court afterwards refused to hear him, in that action, as to his right to the property replevied, or on the question of his damages." (See, also, to the same effect, *Moore v. Herron*, 17 Neb. 697; *Hill v. Bloomer*, 1 Pinney [Wis.] 463; *Parsell v. Genesee Circuit Judge*, 39 Mich. 542.) The last case cited is as follows:

"Where, on motion of the defendant in replevin, the writ has been quashed as void for not describing the property seized, the defendant cannot have an assessment of damages, which is confined by Comp. L., secs. 6758-9, to cases where 'the property specified in the writ' has been delivered to the plaintiff, and can cover no other property.

"Mandamus. Motion submitted October 22. Denied October 31. Goods were taken from Parsell under a writ of replevin that did not describe them, the only descrip-

tion being in the affidavit annexed. The writ was accordingly quashed as void, and Parsell waived return and asked an assessment of damages, which was refused for want of jurisdiction, the writ being void. He applied for mandamus to compel an assessment. The writ was denied." (See, also, *Jordan v. Dennis*, 7 Met. [Mass.] 590; *Gray v. Dean*, 136 Mass. 128; *Burdett v. Doty*, 38 Fed. Rep. 491; *Smith v. Fisher*, 13 R. I. 624.)

Viewed in the light of the foregoing conclusion it appeared on the face of the petition in this case that the order of the court which the relators seek to enforce was non-effective and made without jurisdiction, and the pleading was open to attack by demurrer; the latter must be sustained, the writ denied, and the action dismissed.

WRIT DENIED.

SULLIVAN, J., and RAGAN, C., dissent.