REID, MURDOCH & COMPANY v. AUGUST PANSKA ET AL.

56   195|
60   448|

FILED SEPTEMBER 23, 1898.   No. 8278.

1. **Continuance:** BILL OF EXCEPTIONS. Affidavits in support of a motion for continuance will not be reviewed by this court unless they have been embodied in a bill of exceptions.

2. **Replevin:** SUMMONS. A summons in an action in replevin brought in the county court must be made returnable within 12 days from its date.

3. ———: ———: JUDGMENT. Where a writ of replevin is quashed, on motion of the defendant, for defects appearing on its face, a judgment for a return of the property cannot be given, nor for the value thereof and damages. SULLIVAN, J., and RAGAN, C., dissenting.

4. ———. *Garber v. Palmer*, 47 Neb. 699, and *Ahlman v. Meyer*, 19 Neb. 63, distinguished.

5. ———: STATUTE: AMENDMENT. Act of the legislature of 1875 (Code of Civil Procedure, sec. 193*a*) amending the provisions of said Code relating to actions of replevin is void, as containing no provision for the repeal of the sections amended, as required by the constitution then in force.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Reversed.*

The opinion contains a statement of the case.

*Schomp & Corson,* for plaintiff in error:

The court erred in striking from the record the affidavit for a continuance. (*Moline v. Curtis*, 38 Neb. 520.)

Defendants having objected to the jurisdiction of the court and obtained an order quashing the summons, are estopped from demanding a trial to determine their property rights and damages. (*Bollong v. Schuyler Nat. Bank,* 26 Neb. 281; *Robertson v. Smith,* 15 L. R. A. [Ind.] 273.).

After the summons was quashed the court was without jurisdiction to enter judgment for a return of the property and for damages. (*People v. Sturtevant,* 9 N. Y. 263; *Perrine v. Farr,* 22 N. J. Law 356; *Ex parte Reed,* 100 U. S. 23; *Hill v. Bloomer,* 1 Pinney [Wis.] 463; *Parsell v. Genesee Circuit Judge,* 39 Mich. 542; *Gray v. Dean,* 136 Mass. 128; *Burdett v. Doty,* 38 Fed. Rep. 491; *Jordan v. Dennis,* 7 Met. [Mass.] 590; *Moore v. Herron,* 17 Neb. 697; *Ahlman v. Meyer,* 19 Neb. 65.)

*Beeson & Root, contra:*

Where plaintiff has given bond and obtained the property and the writ has been quashed, judgment should be

entered for a return of the property and a trial awarded to ascertain its value and the damages. (*Kendrick v. Watkins*, 54 Miss. 495; *People v. Judge*, 23 Mich. 497; *People v. Tripp*, 15 Mich. 518; *Fleet v. Lockwood*, 17 Conn. 232; *McArthur v. Lane*, 15 Me. 245; *Greely v. Currier*, 39 Me. 516; *Collamer v. Page*, 35 Vt. 387; *Thurber v. Town of Richmond*, 46 Vt. 395; *Garber v. Palmer*, 47 Neb. 699.)

The application for a continuance was properly denied. (*Rowland v. Shephard*, 27 Neb. 494.)

The affidavit for a continuance is not a proper part of the transcript but should have been incorporated into the bill of exceptions. (*Cleghorn v. Waterman*, 16 Neb. 231; *Barton v. McKay*, 36 Neb. 632; *Real v. Honey*, 39 Neb. 516.)

References to question of estoppel: *Worley v. Shong*, 35 Neb. 311; *Omaha Loan & Trust Co. v. Hogeboom*, 47 Neb. 7.

*Byron Clark* and *C. A. Rawls*, also for defendants in error.

NORVAL, J.

This was replevin commenced in the county court by Reid, Murdoch & Company, a corporation, to recover possession of specific personal property. The summons or writ of replevin served on defendants was by its terms made returnable more than 18 days after the date of its issue. The property was taken under the writ, and the possession thereof delivered to the plaintiff on its execution of the proper undertaking. On the return day the defendants made a special appearance, challenging the jurisdiction of the court over their persons, and moved to quash the summons or writ on the ground that it was returnable more than 12 days after the date when issued. At the same time plaintiff filed a motion for a continuance for a longer period than 30 days, and also moved to strike the motion of defendants from the files for the reason no notice of the filing thereof has been served on

plaintiff. The county court quashed the replevin writ or summons, overruled plaintiff's motions, and taxed the costs to it. Whereupon, on motion of the defendants, the court, a jury being waived, over the objections of plaintiff, proceeded to ascertain their right to the property replevied and the possession thereof, and from a consideration of the evidence adduced found the right of property and possession at the commencement of the action in the defendant August Panska, assessed the value of the property at $183.85, and damages for withholding the same in the sum of $125, and entered a judgment for a return of the property in favor of Panska, or in case a return could not be had that he recover the value in damages determined as aforesaid. Error was prosecuted by the plaintiff to the district court, where, on motion of defendant, the affidavit of W. A. Corson filed in the county court by plaintiff in support of its application for a continuance was stricken from the transcript, and thereupon the judgment of the county court was affirmed. Plaintiff now seeks a review of the record by error proceeding.

It is argued that it was prejudicial error to eliminate the affidavit of Mr. Corson from the transcript of the county court. The ruling assailed is no just cause for complaint. The affidavit in question was no part of the record of the county court, it not having been incorporated in a bill of exceptions. (*Hobbs v. Hunt*, 34 Neb. 657; *Hunter v. Bell*, 33 Neb. 249; *Wright v. State*, 45 Neb. 44; *Gray v. Godfrey*, 43 Neb. 672; *National Lumber Co. v. Ashby*, 41 Neb. 292; *Barton v. McKay*, 36 Neb. 632.)

Section 9, chapter 20, Compiled Statutes, requires that in all actions of replevin in the county court the summons shall be returned within the same time as in similar actions before justices of the peace. By section 1035 of the Code of Civil Procedure a summons in such an action shall be issued by the justice as in other cases, and section 911 of said Code provides that a summons in justice court "must be returnable not more than twelve days

from its date." In view of these statutory requirements, the summons issued in the case at bar by the county court was void, and that court very properly quashed the same, since the writ was made returnable 18 days from its date.

It remains to be determined whether the county court erred in trying the defendants' right of property and right of possession and rendering a judgment for a return of the property or the value thereof in case no return could be had. The present suit was cognizable before a justice of the peace, the appraised value of the property being less than $200, so that the provisions of section 1041 governing actions of replevin before justice of the peace are applicable. This section declares: "If the property has been delivered to the plaintiff, and judgment be rendered against him, or if he otherwise fail to prosecute his action to final judgment, the justice shall, on application of the defendant, or his attorney, impanel a jury to inquire into the right of property and right of possession of the defendant to the property taken." This section authorizes an inquiry to be made by the court in a replevin action into the defendant's right of property or right of possession on his request on the happening of either of the events indicated in the section, where the property has been seized under the writ and delivered to the plaintiff. But this case is not within the purview of the section, as the provisions thereof are not applicable where the defendant obtains a dismissal of replevin action for want of jurisdiction. In the language of counsel for plaintiff: "The statute was intended to prevent any act of the plaintiff to work a discontinuance and at the same time allow him to reap the fruits of his improper conduct. But does not apply to cases where plaintiff's action fails because of jurisdictional defects, for jurisdiction is fundamental to the protection of all rights in the action whether asserted by the defendant or by the plaintiff." If the county court acquired no jurisdiction by virtue of its process, then it was powerless to adjudicate the rights of either party. This is clear, and the principle is amply

sustained by the authorities. (*State v. Letton*, 56 Neb. 158, and cases there cited.) *Garber v. Palmer*, 47 Neb. 699, is readily distinguishable. There jurisdiction over the subject-matter and of the person was acquired, and plaintiff sought to voluntarily dismiss his replevin action without the consent of the defendant and to the prejudice of the latter, which was properly held could not be done, and that in such a case the defendant was entitled to a trial of his rights of property or right of possession. Of like import is *Ahlman v. Meyer*, 19 Neb. 63.

The defendants invoke the provisions of section 193*a* of the Code of Civil Procedure, which declares: "That whenever any action in replevin shall be dismissed by the court for irregularities or defects in the proceedings by the plaintiff, judgment may be given in favor of the defendant on proof of the value of the property and the amount of the damages." This section was enacted by the legislature of 1875 under the title "An act to amend the Code of Civil Procedure in actions of replevin." (Session Laws 1875, p. 44.) That was an amendatory act, in its scope and effect, and not an independent and complete piece of legislation, and is invalid inasmuch as the act contained no provision for the repeal of the section of the Code of Civil Procedure sought to be amended. (*Reynolds v. State*, 53 Neb. 761.) The judgment of the county and district courts are reversed, and the action dismissed.

REVERSED AND DISMISSED.

SULLIVAN, J., and RAGAN, C., dissent.