DORSEY B. HOUCK, CONSTABLE, v. SYLVESTER LINN ET AL.

56  743
61  666

FILED NOVEMBER 17, 1898.·  No. 10000.

1. **Replevin:** DISMISSAL. A plaintiff in replevin may not, after obtaining the property under the writ, dismiss the case without defendant's consent.

2. **Dismissal.** A case cannot be dismissed at the instance of a party who may be liable to a judgment therein, against the objection of his adversary, although the recovery might be only for nominal damages.

3. **Replevin:** JOINT PLAINTIFFS: DISMISSAL. Two persons joined as plaintiffs in an action of replevin and took the property under the writ. They claimed a concurrent right of possession, but by several titles. One recovered judgment. *Held,* That the other could not thereupon dismiss the case as to himself, without the consent of the defendant.

ERROR from the· district court of Douglas county. Tried below before HOPEWELL, J. *Reversed.*

*John T. Cathers* and *T. J. Mahoney*, for plaintiff in error.

*Gregory, Day & Day*, contra.

IRVINE, C.

Linn and Barrie instituted this action in replevin for the purpose of recovering certain horses. The property was taken under the writ and delivered to the plaintiffs. They claimed under a chattel mortgage securing several notes, each claiming to own a part of the notes. In the district court there was a judgment for both plaintiffs. The case was brought to this court, where the judgment in favor of Barrie was affirmed and that in favor of Linn was reversed, and the cause remanded generally. (*Houck v. Linn*, 48 Neb. 227.) After the mandate reached the district court Linn moved to dismiss the case, and the motion was sustained. Defendant then asked for a trial of the right of possession as between him and Linn, and for an assessment of damages, which was refused. Defendant again brings the case here, assigning as error the dismissal against his objection, and the refusal to assess his damages against Linn.

It has been repeatedly held that a plaintiff in replevin who has taken the property under the writ may not then dismiss the case without defendant's consent. (*Aultman v. Reams*, 9 Neb. 487; *Moore v. Herron*, 17 Neb. 697; *Ahlman v. Meyer*, 19 Neb. 63; *Garber v. Palmer*, 47 Neb. 699; *Vose v. Müller*, 48 Neb. 602.) The present case is, however, complicated by the fact that the suit was by two plaintiffs claiming a common, or at least concurrent, right of possession, but by several titles; and on the face of the record, when the motion to dismiss was made, it stood adjudicated that Linn's co-plaintiff had the right of possession,—that he had rightfully taken the property. On the other hand, the plaintiff in replevin must recover on the strength of his own title, and this court had decided that under the evidence at the first trial Linn had not

shown in himself a right to recover. The record showed that both plaintiffs had taken the property. It follows logically that when the cause was remanded Linn stood in the attitude of a plaintiff with the property, and could not dismiss so as to preclude defendant from recovering, should Linn fail again to prove his own right, for the injury caused by the wrongful use of the writ. The Code of Civil Procedure (sec. 191a) provides that the judgment in such case shall be in the alternative, for a return of the property or its value if a return cannot be had. In addition to this there may be recovered damages for the wrongful detention. Here, it is true, the record shows that Linn's co-plaintiff was entitled to take the property, and as the two joined in causing the writ to be issued, it may be that the rightful claimant would be estopped by the record from asserting any claim against the defendant, even if, as is asserted, it was in fact Linn who actually received the property under the writ. Nevertheless, this and other interesting questions suggested by the peculiar facts of the case go rather to the measure of damages, in case on a new trial Linn fails to recover, than to the right of the defendant to have his claim adjudicated. Those questions are on this record speculative purely and cannot be considered. The bare fact is that a plaintiff in replevin who, singly or together with his co-plaintiff, obtained the property in controversy, was by the dismissal permitted to go free, without any opportunity on part of defendant to assert his right to the property or to damages. Possibly the defendant is only entitled to nominal damages should Linn's case again fail; but in that event he must be entitled to nominal damages at least, and the court cannot dismiss a case merely because substantial damages are not recoverable.

REVERSED AND REMANDED.