PENNINGTON COUNTY BANK, APPELLANT, v. ANTON BAU-
MAN, JR., SHERIFF, APPELLEE.

DODGE COUNTY BANK, APPELLEE, v. FRANCIS MCGIVERIN,
APPELLEE; PENNINGTON COUNTY BANK, INTERVENER,
APPELLANT.

FILED OCTOBER 9, 1909. No. 16,237.

1. **Replevin: JUDGMENT: CONCLUSIVENESS.** A judgment in replevin de-
termines the right of possession at the time of the commencement
of the action, and it is not inconsistent with the right of the
party defeated to afterwards assert a right of possession under
changed conditions.

2. **Judgment: RES JUDICATA: REPLEVIN.** In an action of replevin,
where judgment is rendered in favor of the defendant solely upon
the *ground that plaintiff's petition does not state a cause of
action, such judgment is not a bar to a subsequent proceeding by
the plaintiff therein to establish his right of property or right of
possession, or to establish any lien he may have upon the prop-
erty in controversy.

APPEAL from the district court for Dodge county:
CONRAD HOLLENBECK, JUDGE. *Reversed.*

*F. Dolezal,* for appellant.

*Courtright & Sidner,* contra.

FAWCETT, J.

For a statement of the transactions leading up to the
present action, reference is made to *Pennington County
Bank v. Bauman,* 81 Neb. 782. Subsequent to the
affirmance of that case in this court, plaintiff, Dodge
County Bank, brought this action upon the replevin bond
given by defendant, Pennington County Bank, and Francis
McGiverin, its surety thereon, and by agreement of par-
ties the two actions were consolidated and trial had in
the district court for Dodge county. The trial resulted
in judgment for plaintiff, Dodge County Bank, and de-
fendant, Pennington County Bank, appealed. On the

trial of the present action defendant, Pennington County Bank, by cross-petition set up the chattel mortgage upon which it relied in the former action, and alleged that since the commencement of the replevin action the mortgage had matured; that it is now entitled to the possession of the property, and that it has a lien thereon by virtue of its said mortgage. This defense was met by the plaintiff, Dodge County Bank, with the claim that the former action is *res adjudicata* as to all the matters in controversy herein. The first action referred to was affirmed in this court upon the sole ground that the petition did not state a cause of action, in that it did not allege facts showing any right of possession in the plaintiff in that action. In the trial of that action in the district court the cause was submitted to the jury upon the one question only of defendant's damages by reason of the wrongful taking of the property in controversy. The jury found that the damages by reason of the wrongful taking of the property by plaintiff therein was the sum of $1,191. Plaintiff in that action did not except to the instruction given by the court as to the measure of damages, nor did it assign any error in the giving of the same in its motion for a new trial; and, the judgment in that case having been affirmed, plaintiff, Dodge County Bank, now insists that defendant cannot question the amount so found by the verdict of the jury upon which the court entered judgment; that the fact that the judgment was affirmed upon the sole ground that the petition did not state a cause of action did not affect the judgment rendered for the value of defendant's possession. Defendant's contention, in brief, is that, if the petition in the former action did not state a cause of action, the court was without jurisdiction to enter any kind of a judgment, and that the judgment for $1,191 is a nullity. We think that is the main question in this case, and that it is controlled by *Campbell v. Crone,* 10 Neb. 571; *Rodgers v. Levy,* 36 Neb. 601; *State v. Letton,* 56 Neb. 158; *Reid, Murdoch & Co. v. Panska,* 56 Neb. 195. While the writer would have been disposed to

have aligned himself with SULLIVAN, J., and RAGAN, C., in their dissents to the two last above cited opinions, the question must now be considered as foreclosed in this court.

That the judgment in the former case in favor of defendant in the replevin action solely upon the ground that the petition did not state a cause of action is not a bar to a suit by the Pennington County Bank to establish the validity of its lien under its chattel mortgage, which at the time of the former action was not due, but which has since matured, is settled in *State v. Cornell*, 52 Neb. 25; *McFarlane v. Cushman*, 21 Wis. 401; *Gassert v. Black*, 18 Mont. 35, 44 Pac. 401.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings according to law.

REVERSED.