PENNINGTON COUNTY BANK, APPELLANT, V. ANTON BAUMAN, JR., SHERIFF, APPELLEE.

DODGE COUNTY BANK, APPELLEE, V. FRANCES McGIVERIN, APPELLEE; PENNINGTON COUNTY BANK, INTERVENER, APPELLANT.

FILED MAY 23, 1910.    No. 16,237.

1. Replevin: FAILURE TO PROSECUTE: REMEDY OF DEFENDANT. In a replevin action in the district court, where the plaintiff has obtained possession of the property, and fails to prosecute or maintain his action, not through lack of jurisdiction, but because of a defect in his petition which he declines or fails to remedy by amendment, the defendant is entitled to judgment,

and to a trial of his right of property or possession, for the purpose of establishing his damages. Code, sec. 190. *Garber v. Palmer, Blanchard & Co.*, 47 Neb. 699.

2. Judgment: RES JUDICATA. In a suit on the bond given by plaintiff in such a case, and where there has been no material change of conditions, the judgment in the replevin action is *res judicata* of all matters which were or might have been litigated in that action.

3. Chattel Mortgages: LIENS: PRIORITIES. A chattel mortgage duly recorded in one state will not, under the doctrine of comity, be given priority by the courts of another state, to which the chattels are removed by the consent of the mortgagee, over local attaching creditors.

REHEARING of case reported in 85 Neb. 226. *Former judgment of reversal vacated and judgment of district court affirmed.*

BARNES, J.

This case has been reargued and submitted on a motion for a rehearing, and will be treated as though a rehearing had been granted. For a statement of the facts, about which there is no dispute, reference may be had to our former opinion (85 Neb. 226), by which we reversed the judgment of the district court and remanded the cause for further proceedings.

Plaintiff contends that our former decision was wrong and that the judgment of the district court should have been affirmed. It is argued that the judgment in the replevin suit, in which the bond sued on in this action was given, is a bar to the defenses interposed herein. This seems to have been the holding of the district court, which resulted in the judgment assailed by this appeal. By our former opinion it is held that the judgment in the replevin case was not a bar to the defenses interposed in this suit, on authority of *Campbell v. Crone*, 10 Neb. 571, *Rodgers v. Levy*, 36 Neb. 601, *State v. Letton*, 56 Neb. 158, and *Reid, Murdoch & Co. v. Panska*, 56 Neb. 195. *Campbell v. Crone, supra*, was a case commenced in the county court, and was there dismissed for want of jurisdiction.

On error to the district court the judgment was reversed, and the case was brought to this court by a petition in error. The judgment of the district court was affirmed, and it was held that, where a defendant caused the action to be dismissed for want of jurisdiction, he could not complain if the court afterwards refused to hear him in that action as to his right to the property replevied, or on the question of his damages. In *Rodgers v. Levy, supra,* it apeared that A brought an action in replevin against B which was dismissed because A did not have the legal capacity to sue, and it was held that the judgment of dismissal for that cause did not bar a future action for the same property. In *State v. Letton, supra,* defendant procured the dismissal of an action of replevin for want of jurisdiction, and, following *Campbell v. Crone, supra,* it was properly held that he could not thereafter require the court to impanel a jury to inquire as to his rights of property and possession. *Reid, Murdoch & Co. v. Panska, supra,* was also dismissed for want of jurisdiction, and the decision followed the rule announced in the foregoing cases.

We are therefore of opinion that those decisions are not in point, and that this case should be ruled by *Garber v. Palmer, Blanchard & Co.,* 47 Neb. 699, and *Ahlman v. Meyer & Schurman,* 19 Neb. 63. In *Garber v. Palmer, Blanchard & Co., supra,* construing section 190 of the code, which governs the procedure in actions of replevin originally commenced in the district court, we said: "When a plaintiff in replevin who has obtained the property fails in his proof or fails to prosecute the action, the defendant is entitled to judgment, and to a trial of his right of property or possession, for the purpose of establishing his damages." It must be conceded that the district court had jurisdiction of the replevin action in which the bond in question was given. The plaintiff therein failed, not for lack of jurisdiction, but because his petition, which he failed to amend, although given leave to do so, was demurrable as not stating facts which would en-

title him to a judgment for the possession of the property in controversy. Plaintiff might have rendered its petition sufficient by amendment, which it failed to do, and therefore, under the general rule that a judgment is *res judicata* of every question which was or might have been determined in the action in which it is rendered, we are constrained to hold that the judgment in the replevin action was a bar to the defenses interposed in this suit.

Defendant now contends that, between the time of the commencement of the replevin action and the institution of the present suit on the replevin bond, there was such a change of conditions as would enable it to assert the lien of its mortgage as a defense to, or counterclaim, the value of its right of possession of the property described therein against any judgment obtained in this action. It appears, however, that the change of conditions relied on arises from the fact that at the time the replevin action was commenced defendant's mortgage was not yet due, and that prior to the institution of the present suit it had become due. We do not think that this was such a material change of conditions as would entitle the defendant to the relief which it now claims. Defendant could have amended its petition in the replevin action so as to set forth facts which would, at that time, have entitled it to the possession of the property described in its mortgage. The right of possession was the gist of that action, and that right could have been maintained under the facts of that case as well before the mortgage became due as afterwards. So it is apparent that there has been no material change of conditions such as would avoid the legal effect of the judgment in that action.

There is another reason why the judgment of the district court should be affirmed. The plaintiff now insists that its lien as an attaching creditor upon the property in question in the replevin action was superior and paramount to that of the mortgage. This point was not brought to our attention on the former hearing, but is now urged with much force.

In *Snyder v. Yates,* 112 Tenn. 309, 64 L. R. A. 353, it was held that a chattel mortgage duly recorded in one state will not, under the doctrine of comity, be given priority by the courts of another state, to which the chattels are removed, over local attaching creditors who had no actual notice of it. This rule seems to be supported by the great weight of authority in many of our sister states, and we are of opinion that where a mortgagee, residing in another state where his mortgage is recorded, permits the mortgagor to bring the property into this state, a *bona fide* attaching creditor of the mortgagor, without notice, will acquire a lien thereon by virtue of his attachment sued out in this jurisdiction superior to that of the mortgagee.

For the foregoing reasons, our former judgment of reversal is set aside, and the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.