PAULINE TIEDTKE, APPELLEE, v. ROY WHALEN, SHERIFF: BERNHARD POESCHEL ET AL., INTERVENERS, APPELLANTS.

275 N. W. 79

FILED SEPTEMBER 24, 1937. No. 30053.

*C. H. Hendrickson* and *A. E. Wenke*, for appellants.

*A. R. Oleson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

DAY, J.

This is an injunction case to prevent the collection of a judgment in Stanton county, transcripted there, which had originally been entered in Wayne county, Nebraska. The trial court granted the injunction.

Arthur Tiedtke started a replevin action in Wayne county to foreclose a chattel mortgage of approximately $7,300 on some chattels. After he had taken possession of these chattels and had sold them according to the terms of his chattel mortgage against the makers, Bernhard Poeschel and Lena Poeschel, the defendants Poeschel filed a motion to quash the action for replevin for that no petition had been filed. This motion was sustained and the replevin

action was quashed but, as argued, not dismissed. It is contended that this ended the replevin action.

Afterwards the defendants Poeschel insisted on continuing with the case after the affidavit for replevin had been quashed, on the theory that the plaintiff did not return the chattels and that they were entitled to a return of them or the value thereof. It is not necessary to go into all the judicial history, but suffice it to say that a judgment was entered against Arthur Tiedtke for $3,000. Arthur Tiedtke subsequently transferred some of his property to his wife, and this action is brought in the name of his wife because of the threatened levy by the sheriff of Stanton county on property which had been transferred to Pauline Tiedtke. In the suit in Stanton county, the Poeschels filed a petition as interveners and appear here as appellants.

There is but very little, if any, merit to the contention of the Poeschels in this court, for the reason that Bernhard Poeschel was adjudged a bankrupt in the federal court, and the bankruptcy court declined to accept this property burdened with this mortgage, so that in any event there was nothing for the Poeschels. The rights of the Poeschels were adequately cared for as to homestead rights, and the like, in the bankruptcy court. But there is an important principle of law involved, and the question presented to us is whether or not the judgment was void because the court did not have any jurisdiction to render it. It is the opinion of this court that, when the district court for Wayne county quashed the return of the replevin, for the reason that no petition was filed on the motion of the Poeschels, the suit was ended. The Poeschels might have had some other remedy, but surely they could not be allowed to proceed with the replevin action when they themselves had caused it to be quashed.

The rule is well established in this state that a civil action is commenced by filing in the proper court a petition and causing a summons to be issued thereon. This is a legislative mandate contained in section 20-501, Comp. St. 1929.

While this case was not dismissed, the writ of replevin was quashed by the district court for Wayne county which was equivalent to ending the case. A writ of replevin which is quashed or dismissed does not give the court jurisdiction to continue with the action. In *Pennington County Bank v. Bauman,* 87 Neb. 25, 126 N. W. 654, cases are reviewed and this point is made plain. See, also, *Reid, Murdoch & Co. v. Panska,* 56 Neb. 195, 78 N. W. 534; *State v. Letton,* 56 Neb. 158, 78 N. W. 533. There are many other cases in this jurisdiction to the same effect, and the judgment of the trial court should not be set aside.

AFFIRMED.