Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/23/2018 09:14 AM CST

Troy McCoy, appellee, v. John H.
Albin, Nebraska Commissioner
of Labor, appellant.

___ N.W.2d ___

Filed December 1, 2017.    No. S-17-057.

1. **Administrative Law: Judgments: Appeal and Error.** When review-
   ing an order of a district court under the Administrative Procedure Act
   for errors appearing on the record, the inquiry is whether the decision
   conforms to the law, is supported by competent evidence, and is neither
   arbitrary, capricious, nor unreasonable.
2. **Statutes: Appeal and Error.** Statutory interpretation is a question of
   law that an appellate court resolves independently of the trial court.
3. **Statutes: Legislature: Intent.** When asked to interpret a statute, a
   court must determine and give effect to the purpose and intent of the
   Legislature as ascertained from the entire language of the statute consid-
   ered in its plain, ordinary, and popular sense.
4. **Statutes: Intent.** In construing a statute, a court must look at the statu-
   tory objective to be accomplished, the problem to be remedied, or the
   purpose to be served, and then place on the statute a reasonable con-
   struction which best achieves the purpose of the statute, rather than a
   construction defeating the statutory purpose.
5. **Actions: Service of Process.** A civil action is commenced by filing in
   the proper court a petition and causing a summons to be issued.

Appeal from the District Court for Sarpy County: William
B. Zastera, Judge. Reversed with directions.

Katie S. Thurber, Thomas A. Ukinski, and Dale M. Shotkoski
for appellant.

Troy McCoy, pro se.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Heavican, C.J.

## INTRODUCTION

In 1995, the Nebraska Department of Labor (Department) issued a "Notice of Deputy's Overpayment Determination" to Troy McCoy, informing McCoy that he had been overpaid $850 for unemployment benefits. In 2016, his income tax refund from the State of Nebraska in the amount of $293 was intercepted to partially pay the overpayment judgment, as authorized by Neb. Rev. Stat. § 48-665(1)(c) (Cum. Supp. 2016). McCoy appealed from that action.

Following a hearing, an appeal tribunal, citing Neb. Rev. Stat. § 25-218 (Reissue 2016), concluded that the Department's action was barred by a 4-year statute of limitations. The Department petitioned the Sarpy County District Court for review of the tribunal's determination. The district court affirmed, and the Department appeals. We conclude there is no time limitation to the interception of a state tax refund under § 48-665(1)(c), and accordingly, we reverse the decision of the district court with directions to reverse the decision of the appeal tribunal.

## FACTUAL BACKGROUND

On October 25, 1995, notice was mailed to McCoy indicating that he had been overpaid unemployment benefits in the amount of $850 and that he was liable for repayment of that amount. No appeal was taken, and no funds were repaid at that time.

On February 22, 2016, McCoy received notice that his income tax refund totaling $293 had been intercepted and applied to his overpayment of unemployment benefits. McCoy, acting pro se, appealed, contending that the Department should not have intercepted his 2015 refund of $293. He also took issue with the Department's interception of his 1997 income tax refund in the amount of $217.

A hearing was held before an appeal tribunal. That tribunal found in McCoy's favor, holding that the Department was barred by the statute of limitations from intercepting the 2015 refund. The Department appealed to the district court, arguing that the statute providing for the authority to intercept tax refunds to apply against unemployment benefits did not include a statute of limitations and that, in any case, a statute of limitations is an affirmative defense that was not raised by McCoy and thus was waived. The district court affirmed.

## ASSIGNMENT OF ERROR

The Department assigns, restated and consolidated, that the district court erred in affirming the appeal tribunal's decision that the Department was barred from intercepting McCoy's refund by the statute of limitations set forth in § 25-218.

## STANDARD OF REVIEW

[1] When the petition instituting proceedings for review is filed in the district court on or after July 1, 1989, the appeal shall be taken in the manner provided by law for appeals in civil cases. The judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record.[1] When reviewing an order of a district court under the Administrative Procedure Act for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.[2]

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[3]

---

[1] Neb. Rev. Stat. § 84-918(3) (Reissue 2014).

[2] *Marion's v. Nebraska Dept. of Health & Human Servs.*, 289 Neb. 982, 858 N.W.2d 178 (2015).

[3] *ML Manager v. Jensen*, 287 Neb. 171, 842 N.W.2d 566 (2014).

## ANALYSIS

### Introduction

The issue on appeal is whether the Department's interception of a state income tax refund in order to repay an unemployment benefit overpayment is subject to a statute of limitations.

It is undisputed that the statutes providing for this right to setoff do not include a statute of limitations. The appeal tribunal found, and the district court agreed, that the 4-year limitations period in Neb. Rev. Stat. § 25-206 (Reissue 2016) (read in conjunction with § 25-218), dealing with an action on liability created by a statute, barred the recovery. Alternatively, the appeal tribunal noted that Neb. Rev. Stat. § 25-1515 (Reissue 2016), which limits the execution of a judgment to a time period of 5 years from the date rendered or last execution date, would prevent the Department from intercepting the refund, because it had been more than 5 years since the Department had intercepted McCoy's 1997 refund.

The Department disputes that §§ 25-206, 25-218, and 25-1515 are applicable and argues that the plain meaning of the statutes, read as a whole, clearly indicate that no statute of limitations was intended, noting that this result is consistent with the availability of setoff against a federal tax refund. The Department also argues that the statute of limitations was an affirmative defense, which McCoy did not allege, and states that the possibility that a statute of limitations would bar a setoff was initially raised by the appeal tribunal, which was not acting in a neutral capacity.

### Relevant Statutes

Section 48-665(1) provides that "[a]ny person who has received any sum as benefits under the Employment Security Law to which he or she was not entitled shall be liable to repay such sum to the commissioner for the fund." That section sets forth four ways in which repayment might be sought: "without interest by civil action," "by offset against any future

benefits payable to the claimant with respect to the benefit year current at the time of such receipt or any benefit year which may commence within three years after the end of such current benefit year," "by setoff against any state income tax refund," and by setoff against a federal income tax refund.

The procedure to be followed for the Department to recover such a setoff is encompassed in Neb. Rev. Stat. §§ 77-27,197 to 77-27,209 (Reissue 2009) and in the Department's regulations found at 219 Neb. Admin. Code, ch. 16 (2012). Section 77-27,197 provides that the Legislature's intent was "to establish and maintain a procedure to set off against a debtor's income tax refund any debt owed to the Department . . . which has accrued as a result of an individual's liability for the repayment of unemployment insurance benefits determined to be in overpayment." Nebraska law further provides that this "collection remedy . . . shall be in addition to and not in substitution for any other remedy available at law."[4]

The setoff provided by state law is similar to the one provided by federal law. The federal "Treasury Offset Program" allows covered unemployment compensation debt to be recovered through the offset of federal income tax.[5] There is no time limitation in federal law.

As noted above, several more general statutes of limitations are relevant here. Section 25-206 provides: "An action upon a contract, not in writing, expressed or implied, or an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within four years."

Section § 25-218 provides:

Every claim and demand against the state shall be forever barred unless action is brought thereon within two years after the claim arose. Every claim and demand on behalf of the state, except for revenue, or upon official

---

[4] § 77-27,200.

[5] I.R.C. § 6402(f)(5) (2012).

bonds, or for loans or money belonging to the school funds, or loans of school or other trust funds, or to lands or interest in lands thereto belonging, shall be barred by the same lapse of time as is provided by the law in case of like demands between private parties. This section shall not apply to any claim or demand against the state regarding property taxes.

Finally, § 25-1515 provides:

If execution is not sued out within five years after the date of entry of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years have intervened between the date of the last execution issues on such judgment and the time of suing out another writ of execution thereon, such judgment, and all taxable costs in the action in which such judgment was obtained, shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor.

### APPLICABILITY OF LIMITATIONS PERIOD

[3,4] When asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[6] It is the court's duty to discover, if possible, legislative intent from the statute itself.[7] In construing a statute, a court must look at the statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the purpose of the statute, rather than a construction defeating the statutory purpose.[8]

---

[6] See *Arthur v. Microsoft Corp.*, 267 Neb. 586, 676 N.W.2d 29 (2004).

[7] *Id.*

[8] *Id.*

Section 48-665 provides four ways for the Department to collect an overpayment. One way includes an explicit time limitation. As relevant, subsection (1)(b) states that for an offset against future unemployment benefits payable to the claimant with respect to the benefit year current at the time of such receipt of any benefit year, such offset may be commenced within 3 years after the end of such current benefit year. Another option is recovery by a civil action as provided for by subsection (1)(a) and provides for an implicit time limitation—specifically, the statute of limitations for a civil action as set forth in chapter 25 of the Nebraska Revised Statutes.

The third and fourth collection options are offsets against either federal or state income tax refunds. Neither option explicitly states a limitations period, nor does either implicitly include a limitations period. Federal law previously prescribed a 10-year limitations period to offset overpayments against a federal income tax refund. However, that limitations period was apparently removed in 2010 and there is currently no limitations period for the offset of overpayment against a federal refund.[9]

Applying the usual standards of statutory application to the language of § 48-665, we hold that the Legislature did not intend for the time limitations provided for in §§ 25-206 and 25-218 to infringe upon the Department's ability to collect an overpayment by setoff. The statutory language provides for different methods of collection—some with and others without time limitations—lending support to the conclusion that the lack of a limitation for an offset against a state tax refund is meaningful.

Moreover, the language employed by the Legislature, even beyond the failure to include an explicit limitation, does not suggest any limitation. Section 48-665(1)(c) provides

---

[9] See Pub. L. 111-291, § 801(a)(4), 124 Stat. 3157.

that a setoff may be made "against *any* state income tax refund due the claimant pursuant to sections 77-27,197 to 77-27,209." (Emphasis supplied.) And "[r]efund" is defined by § 77-27,199(2) as "*any* Nebraska state income tax refund." (Emphasis supplied.)

That the plain language of the statute supports the Department's position that no statute of limitations is applicable to a setoff against a state income tax refund is further supported by an examination of the Legislature's intent:

It is the intent of the Legislature to establish and maintain a procedure to set off against a debtor's income tax refund *any* debt owed to the Department . . . which has accrued as a result of an individual's liability for the repayment of unemployment insurance benefits determined to be in overpayment pursuant to sections 48-665 and 48-665.01 . . . .[10]

[5] The plain language of §§ 25-206 and 25-218 states that the limitations period provided by each statute is applicable to an *action*. A civil action is commenced by filing in the proper court a petition and causing a summons to be issued.[11] A setoff is not an *action* in the traditional sense, and were it to be treated as such, it would be duplicative to the collection procedure set forth in § 48-665(1)(a) allowing an overpayment to be collected by a civil action filed in the name of the commissioner.

This result is consistent with federal law. As explained above, federal law previously provided a 10-year limitations period, but no longer has such a limitation. Because the procedure for a federal refund offset is similar to the procedure for a state refund offset under § 48-665(1)(c), it would make sense to have the same limitations period, or none at all, for

---

[10] § 77-27,197 (emphasis supplied).

[11] *Tiedtke v. Whalen*, 133 Neb. 301, 275 N.W. 79 (1937). See, also, Neb. Rev. Stat. § 25-501 (Reissue 2016).

each mechanism. We further observe that even if we were to conclude that the Department was unable to recover a setoff from McCoy's state income tax refund, it would be able to obtain a setoff from any federal refund by following the applicable procedure.

We reject the appeal tribunal's reliance upon § 25-1515. Section 25-1515 deals with dormant judgments and specifically provides that a judgment is dormant 5 years after it was recorded if never executed upon; otherwise, it is dormant 5 years after its last execution, which in this case was in 1997. But the plain language of § 25-1515 supports the conclusion that the notice of overpayment is not a judgment. Section 25-1515 states in relevant part that it applies to "any judgment . . . rendered in any court of record in this state." The notice of overpayment at issue in this case was not rendered by any court of record—it was entered by an administrative agency. We therefore conclude that on these facts, such notice of overpayment is not a judgment for purposes of § 25-1515.

Having concluded that there is no statute of limitations applicable to the procedure set forth in § 48-665(1), we need not address the Department's waiver argument.

## CONCLUSION

There is no statute of limitations barring the Department's interception of McCoy's state income tax refund to offset his unemployment benefit overpayment. We therefore reverse the decision of the district court with directions to reverse the decision of the appeal tribunal.

REVERSED WITH DIRECTIONS.

WRIGHT, J., not participating in the decision.